HUGHES, Appellant, v. HILL, Mayor, et al., Respondents.
(138 N. W. 290.)

1. **Intoxicating Liquors—Local Option—Submission to vote—Separate Ballot—Mandatory Provision.**

   The provision of Pol. Code, Sec. 2856, as amended by Laws 1903, ch. 166, that the question of sale of intoxicating liquors at retail shall be submitted on a separate ballot, is mandatory; and submission of that question on the official ballot used at the election of municipal officers, and the election, as to the liquor license question, are void; the reason and purpose of such law being to call the voter's attention specifically to that particular question.

2. **Intoxicating Liquors—Local Option Election—Special Statutory Provisions—Mandatory Law—Irregularities.**

   The submission of question of sale of intoxicating liquors at retail is governed by provisions of the special law on that subject; the general law governing elections is applicable only where the special statutory provisions fail to speak. While minor irregularities, not violating mandatory provisions of statute, will not vitiate the election unless they changed the result, the form of the ballot used at such election is not such an irregularity, but is an essential and mandatory provision of law.

3. **Same—Local Option Election—Irregularities—Voters' Wishes Regarded.**

   The prime object of all local option election laws is to discover the wishes of the voters, and, if such wishes can be dis-

covered, the election is effective, unless some positive provision of law has been broken or disregarded in expressing it.

Haney, J., dissenting.

(Opinion filed October 25, 1912.)

Appeal from Circuit Court, Bon Homme County. Hon. R. B. Tripp, Judge.

Action by Roscoe B. Hughes against Charles W. Hill, Mayor of the City of Springfield, and others, to contest a local option election involving sale of intoxicating liquors at retail. The pleadings show that the question of such sale was submitted, not on a separate ballot, but upon one used also at the municipal election for election of general city officers and also a question relating to the incorporation under the general law of the Independent School District No. 1 of Springfield; the answer admitting these allegations. Plaintiff moved for judgment on the pleadings. The trial court sustained said motion; and plaintiff having elected to stand on his said motion, judgment of dismissal of the action was rendered; from which order and judgment plaintiff appeals. Reversed and remanded.

*Lauritz Miller* and *W. M. Kirby,* for Appellant.

Chapter 166, Session Laws of 1903, among other things, provides as follows: "The question shall be submitted upon a separate ballot conforming with the general election laws of the state, upon which ballot there shall be printed the words, "Shall intoxicating liquors be sold at retail?" before which words there shall be printed the words "Yes" and "No" * * *."

An examination of the above mentioned Chapter 166, Laws of 1903, shows that it involves, among others, two things required in order to secure an election upon the question of the sale of intoxicating liquors, viz.:

3rd. The question must be submitted on a separate ballot.

4th. The ballot upon which the question is submitted shall have printed thereon the words: "Shall intoxicating liquors be sold at retail?" and before which words there shall be printed the words "Yes" and "No."

Appellant takes the position that each one of those requirements is mandatory and that no valid vote or election can be had unless all of these requirements are strictly complied with.

In the first place it is submitted that the law governing the

vote on the liquor question is not to be considered in the same light as an ordinary election law. The essential difference between them is that the regulations regarding a vote on the liquor question is an exercise of the police powers of the state, while an ordinary election is not. State ex rel. Grigsby v. Buechler, 10 S. D. 156, 72 N. W. 114; People v. Walbaum, 20 S. D. 23, 104 N. W. 537; State v. Delamater, 20 S. D. 23, 104 N. W. 537.

The intoxicating liquor laws of South Dakota being designed to regulate, curb and restrict the evils which flow from the traffic in liquors, it necessarily follows that these laws must be construed as an exercise of the police powers of the state. Territory ex rel. McMahon v. O'Connor, 5 Dak. 397, 41 N. W. 746; State ex rel. Crothers et al. v. Barber et al., 19 S. D. 1, 101 N. W. 1078; Theo. Hamm Brewing Co. v. Foss, 16 S. D. 162, 91 N. W. 584; Sec. 79, Vol. 1, Woollen & Thornton on Law of Intoxicating Liquors; Secs. 80 and 81, Joyce on Intoxicating Liquors; Sec. 31, Black on Intoxicating Liquors; License Cases, 5 How. 504; Moore v. Indianapolis, 120 Ind. 483, 22 N. E. 424; Delamater v. South Dakota, 205 U. S. 93; Tredway v. Riley, 32 Neb. 495; Commonwealth v. Alger, 7 Cush. 53.

The legislative power to enact police laws is only limited by the Constitution of the U. S. and the laws and treaties made under it and the Constitution of the various states. Sec. 81, Woollen & Thornton on Intoxicating Liquors.

The police power is one of which the Legislature cannot divest itself and such a body is the exclusive judge of the manner in which it shall be exercised. Sec. 82, Joyce on Intoxicating Liquors; In re O'Brien, 29 Mont. 448, 87 Pac. 445; State v. Settles, 34 Mont. 448, 87 Pac. 445; State v. Redmon, 134 Wis. 89, 15 Am. & Eng. Ann. Cases, 408; Territory ex rel. McMahon v. O'Connor, 5 Dak. 397, 41 N. W. 746; Mugler v. Kansas, 123 U. S. 660; Powell v. Pennsylvania, 127 U. S. 678; State v. McIlvenna, 113 N. W. 878 (S. D.); Burke v. Collins, 18 S. D. 190, 99 N. W. 1112; Theo. Hamm Brewing Co. v. Foss, 16 S. D. 162, 91 N. W. 584.

By the foregoing, we have established two main propositions.

1st. That the laws regulating the traffic in intoxicating liquors

17—Vol. 30, S. D.

in South Dakota, are an exercise of the police power of the state, and

2nd. That the police powers of a state are lodged exclusively in the Legislature and that the courts have, no such powers.

In the exercise of this police power, the Legislature of our state has decreed that no one may engage in the liquor business without first securing a license or permit and no license or permit shall be issued except in places where the question has been submitted to a vote of the people on a separate ballot, upon a petition signed by twenty-five legal freeholder voters, which petition has been filed in the city auditor's office at least thirty days before the election, and a majority of the voters have voted in favor of such business. Sec. 2834 Pol. Code; Chap. 166, Session Laws of 1903; Burke v. Collins, 18 S. D. 190, 99 N. W. 112; State v. McIlvenna, (S. D.) 113 N. W. 878; State ex rel. Cain v. Toomey et al, (S. D.) 129 N. W. 563; State ex rel. Cook v. J. L. Brown et al., Board of County Commissioners( S. D.), in which the opinion was filed June 25, 1912, but not yet printed..

Appellant insists that there is nothing in the record to show that there was a full and fair vote and we cannot say that there was, as there is no way of proving what effect the form of the ballot had on the question. It was evidently the will and the intention of the legislature that the question should be decided by the voters on its own merits free from any entanglements with other questions, hence the requirement for its submission on a separate ballot. Appellant therefore contends that there was not a full, free and fair expression of the voters on this question as such an expression can only be secured in the way provided by the Legislature, viz., by the submission of the question on a separate ballot. Nall et al. v. Tinsley et al., 54 S. W. 187 (Ky.); Sec. 534, Woollen & Thornton on Intoxicating Liquors.

But suppose that there was a fair vote, why should this fact be of more controlling force in this case than in the case of State ex rel. Cain v. Toomey et al., supra, and State ex rel. Cook v. Brown et al., supra?

On the argument in the lower court it was claimed by defendants and respondents that plaintiff, by participating in the election and by failing to make timely objection to the form of the ballot and to have the same corrected, had waived his right to

contest the validity of the election.  In the first place, it does not appear that the plaintiff participated in the election, but even if he did he certainly has not waived his right to contest its validity on that ground.  The statute expressly gives any elector of the county the right to contest the validity of any election.  Sec. 1988, Pol. Code.

This right is not waived by participating· in the election because if it were, the Legislature would have said so, and it is not the province of the courts now to amend the law in this respect so as to make it read that any elector who does not participate in the election may contest its validity.  Further, if no elector who participated in the election could contest its validity, then the statutory provision would be practically nullified, because it is not probable that any elector who has not sufficient interest in public affairs to vote, would have sufficient interest to contest the election, and if all the electors voted there would be no remedy at all for lack of some one qualified to maintain the contest.  Indeed there would be more reason for claiming that no qualified elector who did not vote could contest the election.  The argument then, that an elector who participates in the election has waived his right to contest its validity lacks persuasive force.  The courts have held that such a theory is against public policy.  State ex rel. Birchmore v. State Board of Canvassers, 78 S. Car. 461, 13 Am. & Eng. Ann. Cases 113; State v. Barton, 58 Kan. 709, 51 Pac. 218; Elliot v. Burke, 113 Ky. 479, 68 S. W. 445; State v. Whitney, 12 Wash. 420, 41 Pac. 189; Smith v. Holt, 24 Kan. 773; Denny v. State, 144 Ind. 503, 42 N. E. 929.

The claim that plaintiff has waived the defect in question by failing to make timely objection and have the ballot corrected so as to conform to the law, before the election was held, is contrary to the spirit and intent of our liquor laws.

An elector does not, by remaining passive, waive any defects or irregularities in the election.  It is true that the law requires the city auditor to provide sample and official ballots, the sample ballots to be printed and in his possession three days before election and the official ballots one day before election.  Sec. 1886 Pol. Code.

It is further provided that errors in the ballot may be cor-

rected by the application of any voter to the county court. Sec. 1889, Pol. Code.

It was argued in the lower court that it should be presumed that the city auditor did his duty in accordance with the law and had the sample ballots printed three days before election and that therefore plaintiff had sufficient time to have same corrected. To this argument appellant contends that since it is admitted by the pleadings that the city auditor disregarded the plain directions of the law in preparing the ballots, it cannot be presumed, without proof, that he followed the law in other respects, the presumption, if any, should be that he disregarded the law entirely.

It is also claimed that the law requiring the submission of the liquor question on a separate ballot is mandatory only upon the city auditor, but if he fails to observe it, the election will nevertheless be valid. Such a position is contradictory in itself. If it is mandatory upon the city auditor, he can submit the question only in the way prescribed by law and if he attempts to do it in any other way, his action is a mere nullity.

It may be argued that such a rule may disfranchise the voters without their fault. While this may be the result, yet that fact should not be used to change the meaning of the statute, and the courts in order to prevent such disfranchisement of the voters, should not interpret the statute in such a way as to destroy its purpose and make possible the evils which are intended to be avoided. In the case of State ex rel. Cain v. Toomey et al., and the case of State ex rel. Cook v. Brown et al., supra, the voters were disfranchised through no fault of their own and there is no more reason why they should not be disfranchised in the present case than in the two mentioned cases.

We are aware that courts are generally very reluctant to set aside elections for defects and irregularities in the conduct of such elections, and that some courts have gone to great lengths, and most courts have indulged in considerable judicial legislation in order to sustain elections conducted in disregard of, and in many cases in direct conflict with the express will of the legislature. In so far as such decisions amount to a practical amendment of an existing election statute, appellant contends that such decisions are wrong and should not be followed. We believe that the rule laid down by Judge Cooley in Hoyt v. East Saginaw, 19

Mich. 39, is a safe rule for the courts to follow. He declares, in effect, that courts ought to sustain defective proceedings "only in those cases where it is fairly inferable that they observe that intent more nearly by sustaining them than by setting them aside on account of the omitted formality."

*T. N. Treat,* and *French & Orvis,* for Respondents.

Counsel for the appellant has spent almost the whole argument in trying to show that this provision in regard to elections is mandatory and that a different rule exists and a different construction is required by the courts where the election is upon the question of the sale of intoxicating liquors from that of other elections.

We take issue with counsel upon this question. The only authority cited by him by which he claims to sustain this position are cases which involved the enforcement of the liquor laws, either criminally or civilly, and are therefore not in point in this case, first, because the statute makes no such distinction. Second, because the statute itself says the question shall be submitted upon a separate ballot conforming with the general election laws of the state, clearly showing that this election is to be held the same as any other election upon any other matter under the election laws of the state.

By Article 5 of the Political Code, Sections 1885-1893, general election laws, referred to in section 2856 cited above, auditors are required to provide printed ballots for elections and such printed ballots shall contain the name of every candidate whose nomination has been certified to or filed with the county auditor in the manner provided by law as well as any proposed constitutional amendments or other questions.

No distinction is here made as to elections on the question of the sale of intoxicating liquors but the statutes above referred to require sample ballots to be printed on paper of a different color from the official ballots but in the same form, each containing the names of all the candidates and any question that is to be voted upon. No distinction is here made as to ballots which are to be used in voting upon the question of the sale of intoxicating liquors.

The above statutes further provide sample ballots shall be printed and in the possession of the county auditor or other of-

ficers or boards charged with the duty of preparing such ballots, at least ten days before the day of election, in case of county, district, or state election; and at least three days before the day of the election in case of city, town or village election, and shall be subject to public inspection. The official ballots shall be printed and in the possession of the county auditor, or such other officers or boards ten days before the day of election in cases of county, district or state election, and one day before election in case of city, town or village.

Section 1887 provides sample and official ballots for use in the city, town or village election shall be prepared and the same rules by the clerks of the respective cities, towns and villages as are laid down for the government of county auditors.

Absolutely no distinction is here made in cases of any question submitted upon vote of the people at the elections provided for under the above statutes. Not only is this true but the style and form of all official ballots are prepared under the provisions of the articles above cited as prescribed by section 1892 of the Political Code as amended by Laws of 1909, page 217, wherein it is also provided that in all questions submitted to the voters of a municipal corporation alone, it shall be the duty of the city municipal clerk, or city auditor to provide the necessary ballots. We also cite: Secs. 1916, 1929, 1928 Pol. Code.

There is no claim or pretense here made that there was any fraud in this election, that anybody was deceived or misled by this form of ballot, or that anyone was prevented from voting, and we submit to the court that the ballot upon its face is easily understood, and not in any way misleading, and there is no claim, or if there were a claim, there is no evidence that any voter did not exercise his full right and vote with full knowledge upon the question of the sale of intoxicating liquors.

Appellant has not attempted to show how this departure from the method prescribed by statute of submitting these questions upon separate ballot, deprived any legal voter of his right to vote or permitted any illegal vote to be cast therein, or that any uncertainly in the intention of the voters was produced thereby and the courts almost unanimously hold that until some one of these are made to appear, the courts will not declare an election void.

See Jones v. State, (Ind.) 55 N. E. 229; 18 Cyc. 362 and cases cited; Briggs v. Ghrist, 134 N. W. 321.

It is conceded these official ballots used were prepared and submitted to the voters by the proper officers. The direction in this statute in regard to the ballot is mandatory in the sense that he can be compelled to correct them before election. Section 1889. But there being no prohibitive words, the directions have no application to the voter unless it can be shown he is a party to their violation, or that their violation affected the result of the election.

The above legislation also has a mandatory feature and intent with reference to the voter. It will be observed that the ballots are required to be prepared timely before the election. One of the objects of this is to give electors an opportunity to inform themselves with reference to the character of ballots it is proposed they shall use, and also gives them an opportunity to correct them, if they do not comply with the law. If the voters fail to do this before the election they waive all objections and are precluded from raising any afterwards. Allen v. Glynn, 17 Colo. 338, 29 Pac. 670, 31 Am. St. 304; Shuter v. Hogan, (Ill.) 48 N. E. 195; Bowers v. Smith, 111 Mo. 45, 20 S. W. 101; State v. Farnshaw, (Mont.) 48 Pac. 1; State v. Norris, (Neb.) 55 N. W. 1086; People v. Board, 94 N. Y. Supp. 966, affirmed 76 N. E. 1116; State v. Elliott, (Wash.) 48 Pac. 754.

The rule of construction as we take it, is, therefore, that where a statute provides specifically that a ballot not in a prescribed form shall not be counted, the statute is mandatory and must be enforced, but where the statute merely provides that certain things shall be done, and does not prescribe what results shall follow if they are not done, the statute is directory merely and the test as to the legality of the election is whether or not the voters were given an opportunity to express and fairly did express their will. McGrane v. Nez Perce County, (Ida.) 112 Pac. 312; Jones v. State, (Ind.) 55 N . E. 229; State v. Bernholts, (Ia.) 76 N. W. 662; Cope v. Cardwell, (Ky.) 95 S. W. 3; Erwin v. Benton, (Ky.) 87 S. E. 291; Peabody v. Burch, (Kans.) 89 Pac. 1016; Blackmar v. Hildreth, (Mass.) 63 N. E. 14; Thomas v. Adsit, (Mich.) 74 N. W. 381; Horsefall v. School, (Mo.) 128 S. W. 33; Attorney General v. Town, (N. J.) 80 Atl. 16; People v. Wood, (N. Y.) 42 N. E. 536; Town v. Haskell, (Okla.) 104 Pac. 56; Short v.

Gauger, (Tex.) 130 S. W. 267; Earl v. Lewis, (Utah) 77 Pac. 235; State v. Elwood, 12 Wis. 551; McGrance v. County of Nez Perce, 112 Pac. 312; Pennington v. Hare, 60 Minn. 146, 62 N. W. 116; Jones v. State, 55 N. E. 229 (Ind.); Peabody v. Burch et al., 89 Pac. 1016 (Kans.); People v. Wood, 42 N. E. 536, and other cases including case of Blackmar v. Hildreth, 63 N. E. 14 (Mass.); State v. Fransham, 48 Pac. 1 (Mont.); State of Iowa v. Bernholtz, 76 N. W. 662; Altgelt v. Callahan, 144 S. W. 1166 (Tex.) 94 N. Y. Supp. 996, affirmed in 76 N. E. 1116; Erwin v. Benton, 87 S. W. 291 (Ky.); Cope v. Cardwell, 93 S. W. 3 (Ky.); Perry v. Hackney, (N. D.) 90 N. W. 483; Bowers v. Smith, 20 S. W. 101; 16 L. R. A. 754.

McCOY, P. J. [1] This case involves the legality of the submission of the question of the sale of intoxicating liquors at retail at the municipal election held at Springfield in April, 1912. The vote was in favor of such sale. Section 2856, Pol. Code, and as amended by chapter 166, Laws of 1903, provides that said question shall be submitted upon a separate ballot. At the said election the question of such sale of intoxicating liquors was not submitted by a separate ballot; but the question "Shall intoxicating liquors be sold at retail?" was printed at the bottom of the official ticket or ballot used for the election of municipal officers at said election. It is the contention of appellant that said election, in so far as it relates to the submission of the question of the sale of intoxicating liquors, was void and unauthorized by law. On the other hand, it is contended by respondents that, notwithstanding the failure to submit the question by a separate ballot, the result of said election fairly expressed the will of a majority of the voters, that the result was in no way affected by the manner of the submission, and that the election should stand as a legal and valid election, and that to hold such election invalid would, in effect, disfranchise the voters on that question by unauthorized action of the election officers. We are of the opinion that the contention of appellant is right. No one has a constitutional right to have such question submitted other than as provided by law. The only method provided for the submission of such question to a vote is by a separate ballot. It is a positive and essential provision of the law, and to hold that any election was valid, submitting the question in any way other than by a separate ballot, would, in effect,

nullify this plain provision of the law. The principal reason for requiring the separate ballot is that each individual voter's attention will be called specifically to this particular question, whereas, if permitted to be submitted upon a general election ballot, as a part thereof, such question might be overlooked.

[2] The submission of this question to a vote is governed by the provisions of a special law upon that subject, and the general law of elections is applicable only where the special law fails to speak. State v. Harris, 22 S. D. 111, 115 N. W. 533. "The formality and regularity of local option elections are to be tested by the terms of the statute under which it is held, and by the general principles of the law relating to elections, where applicable. There must be a strict compliance with any special provisions of the local option statute in regard to the officers who are to hold the elections and their duties, the hours for keeping the polls open, the nature and scope of the question submitted to the voters, the form of the ballot to be used, the majority required to determine the result, and the qualifications of the voters. But minor irregularities, not violating mandatory provisions of the statute, will not vitiate the election, unless it is shown that they changed the result." 23 Cyc. 100. Black, Intox. Liquors, § 97; Woollen and Thornton, Intox. Liquors, § 534. The form of the ballot to be used in submitting such questions is not considered or classified as one of the minor irregularities which will not vitiate an election, but as one of the essential positive and mandatory provisions of the law, which must be strictly followed.

[3] Of course, the prime object of all such elections is to discover the wishes of the voters, and, if such wishes can be discovered, it will be made effective, unless some positive provision of law has been broken or disregarded in expressing it. Woollen and Thornton, Intox. Liquors, § 534. Section 2856, Pol. Code, provides for a petition to be signed and filed, submitted on a separate ballot, and the form of the ballot. Most of these provisions have already been held to be mandatory by this court. We are of the opinion that the provision requiring a separate ballot is mandatory, and that the submission of said question and election were void.

The judgment appealed from is reversed, and the cause remanded for further procedure in accordance with this decision.

HANEY, J., dissenting.