KRELL, Respondent, v. CITY OF WHITE LAKE et al., Appellants

(47 N. W.2d 722)

(File No. 9200. Opinion filed May 1, 1951)
Rehearing denied June 1, 1951

**Fred D. Shandorf,** Mitchell, **W. D. Shouse,** White Lake, for Appellant.

**Fellows & Fellows,** Mitchell, **John W. Smith,** Plankinton, for Respondent.

PERRY, Circuit Judge. The plaintiff Krell is an elector of the City of White Lake, and the holder of a license to conduct a liquor business therein. The City of White Lake held an election on the question whether the City should engage in the sale of liquors through a municipal store. A majority of the voters voted in favor of municipal operation, which under the statute, would cause the plaintiff's license to be revoked. The plaintiff challenges the validity of the election. He procured an alternative writ of prohibition from the circuit court, and upon trial, a permanent writ of prohibition was issued from which the City appeals.

SDC 5.0232 provides that, "Any municipality may, by vote of its electors, as provided in sections 5.0233 and 5.0234, determine whether or not intoxicating liquor shall be sold within the municipality by on sale dealers, and may also in the same manner determine whether the municipality shall procure a license or licenses for the sale of intoxicating liquor at retail, * * *."

SDC 5.0233 sets forth the requirements of the petition required to initiate such an election and recites: **"Except as herein otherwise expressly provided** (boldface supplied), the form of such petition, manner of calling such election, the giving of notice thereof, the conduct of the election, and canvass and return of votes, shall be as set forth by the provisions of this Code relative to elections in incorporated municipalities as to referred or initiated ordinances; * * *."

SDC 5.0234 provides:

"Form of questions submitted. The form of submitting questions to be voted upon at such special elections shall be: * * *.

"(2) On the question of whether the municipality is to procure a license or licenses for sale of intoxicating liquor— 'Shall a license or licenses for the sale of intoxicating liquor be issued to———— (naming the municipality or organized township)?' "

At the election, a majority of the voters voted in favor of municipal operation.

No question is raised as to the regularity of the form of the petition, the manner of calling the election, the giving of notice thereof, the conduct of the election, the canvass and return of votes—these being the specific steps enumerated in SDC 5.0233; but the plaintiff contends that the election was void in that the form of ballot was allegedly improper.

The ballot submitted to the voters was in the following form:

"Official Ballot
Special City Election
White Lake, S. D.
June 27, 1950

(Instructions to Voters)—An elector desiring to vote for the following question shall place a cross (x) in the square preceding the words, 'for issuing such license or licenses.' An elector desiring to vote against the following question shall place a cross (x) in the square preceding the words, 'against issuing of such license or licenses.'

Shall A License Or Licenses For The Sale Of Intoxicating Liquor Be Issued To City Of White Lake, South Dakota?

☐ For issuing such license or licenses.

☐ Against issuing such license or licenses."

The sole question presented is whether or not the ballot should have contained an explanation of the purpose and legal effect of the submitted question. The respondent contends that by SDC 5.0233 (which appears in the chapter

entitled Alcoholic Beverages) everything pertaining to the election except the form of the question is required to conform to the laws relating to elections on referred ordinances, especially SDC 45.1015, which relates to elections on municipal referendum petitions and reads:

"Ballots. The auditor or clerk shall have ballots printed for the vote upon such referred ordinance or resolution and cause the same to be distributed as other official ballots are distributed.

"Such ballots shall conform as near as may be to the law governing the submission of questions by the Legislature, except that the statement required to be printed on the ballots shall be prepared by the city attorney, or if there be no city attorney, by an attorney at law employed by the governing body for that purpose."

This leads to SDC 16.1302, relating to the submission of constitutional amendments, and initiated and referred laws at a general election, by which section the Attorney General is required to prepare an explanatory statement of the purpose and legal effect of each proposed contitutional amendment, initiated measure, referred law or other question, particularly with reference to the existing law. In short, the contention of the plaintiff is that in a special election under the alcoholic beverage statute, the form of ballot (as distinguished from the form of the question) must conform to the election laws relating to referred ordinances, which, in turn, must conform to the provisions of state law with reference to constitutional amendments, initiated and referred laws.

This view was sustained by the circuit court in the granting of the writ of prohibition. However, this court cannot accept that view.

We do not believe that the legislature intended that there must be an explanation of the purpose and effect of a vote on whether a license or licenses for the sale of intoxicating liquor should be issued to a city. The purpose of voting for the issuing of such license or licenses is so obvious as not to require any explanation. The effect of a majority vote upon this question is prescribed by statute.

SDC 5.0233, after stating "Except as herein otherwise expressly provided", makes the laws relating to elections on referred ordinances of municipalities applicable only as to the form of petition, the manner of calling the election, the giving of notice thereof, the conduct of the election, the canvass and return of votes. It says nothing as to the form of the ballots. SDC 5.0234 not only specifies the question to be placed upon the ballot but the form of submitting the question to be voted upon at the special election. If the legislature had intended that an explanation of the purpose and effect of a majority vote in favor of the question should be contained in the form of the ballot, it could and should have said so.

Further, the reasons which required an explanation in the case of referred ordinances, or the adoption of constitutional amendments, or initiated or referred laws in a general state election, do not exist in the case of an election under the liquor statutes. In the case of constitutional amendments, initiated or referred laws, or referred ordinances, the amendment, law, or ordinance is referred to on the ballot only by its title, and without an explanation, voters might not know what they were voting upon. In the case of a special election to determine whether or not the city shall engage in the sale of liquor, the form of question which appears on the ballot leaves no doubt in the mind of any voter as to what he is voting for or against.

■ The submission of this question to a vote is governed by a special law upon that subject, and the general law of elections is applicable only where the special law fails to speak. Hughes v. Hill, 30 S.D. 255, 138 N.W. 290.

■ In this case the proper question was submitted to the voters in the manner prescribed by express statute. All steps relating to the election were properly taken. The voters have spoken. Their wish was declared and it should be upheld.

The judgment below is reversed and the writ of prohibition quashed.

PERRY, Circuit Judge, sitting for ROBERTS, J., disqualified.

All the Judges concur.