CITY OF MISSION, a Municipal Corporation, Plaintiff and Appellee,

v.

Charles ABOUREZK, Jr., and Elda M. Abourezk, husband and wife, and Thomas J. Abourezk and Twila Abourezk, husband and wife, Defendants and Appellants.

No. 13327.

Supreme Court of South Dakota.

Considered On Briefs Dec. 9, 1981.

Decided April 7, 1982.

full

the judgment. We affirm in part and reverse and remand in part.

The Abourezks (appellants) owned two buildings and some vacant lots in Mission. The city rented a portion of one of the buildings where it operated a liquor store. On February 4th, 1980, the city council passed a resolution to purchase the buildings and the vacant lots. The resolution gave a legal description of these lots which included both buildings. At a city council meeting a few days later, a contract was reviewed and signed and a down payment made by the city. A petition asking that the resolution be submitted to the electorate at a referendum election was filed within the time allowed by statute. The petition recited the resolution exactly as the city council had passed it. The election ballots contained a statement drafted by the city attorney explaining the resolution that was being submitted to the voters. The voters rejected the resolution but appellants refused the city's request to return the down payment.

Appellants contend that the referendum procedures relied on to avoid the contract were not legally sufficient. More particularly, they argue that the contract itself should have been the subject of a referendum; that the ballot and the petition for the referendum were erroneous and misleading; and finally that the ballot did not conform to the statutes which require an explanatory statement. Appellant also contends that the circuit court set off an incorrect amount for rent and erred in allowing prejudgment interest at the rate of 10% per annum on the down payment.

The resolution authorized the city to purchase the property for a specified amount provided the parties could agree on a payment schedule. Although contingent, the resolution was the city's legislative decision to purchase the property and the city's authority to enter into the subsequent contract. See SDCL 9–19–1. The purpose of a referendum election is to refer to the electorate only a city's ordinances and resolutions. SDCL 9–20–7. See 5 E. McQuillin, *Municipal Corporations*, § 16.53 (3rd ed. rev. 1981). There is nothing in SDCL chap-

Stanley E. Whiting of Day, Grossenburg & Whiting, Winner, for plaintiff and appellee.

Charles Rick Johnson of Johnson, Johnson & Eklund, Gregory, for defendants and appellants.

PER CURIAM.

In this action for declaratory relief the city of Mission, South Dakota (city), sought to have a contract for deed declared null and void and to recover a down payment it had made. A subsequent referendum election had rejected the city council's resolution to purchase the real estate. The circuit court concluded that the election proceedings were valid, declared the contract for deed null and void and permitted the city to recover its down payment. In addition to the relief granted to the city the circuit court allowed appellants a set-off for rent of $340 per month from the date of the contract. The December 4, 1980, judgment allowed prejudgment interest at 10% per annum from November 15, 1980, to entry of

ter 9–20 which would require that the contract be submitted to a referendum election. A valid referendum election which rejected the resolution to purchase the property was sufficient to deprive the city of any authority to enter into such a contract. *See Roush v. Esmond*, 73 S.D. 406, 43 N.W.2d 547 (1950); SDCL 9–20–15. The referendum election was a sufficient basis on which to void the contract.

■ The resolution, contract, petition, notice and ballot all contained the same legal description of the real estate. Yet, appellant maintains that the electors were misled because all of the documents, except for the contract, only referred to the building by its common name—"city liquor store"; none of the documents, except for the contract, mentioned that the additional buildings and vacant lots were also being purchased. The legal descriptions, however, included the other building and vacant lots. This could leave no doubt as to the real estate intended to be covered by the referendum. *See Krell v. City of White Lake*, 73 S.D. 641, 47 N.W.2d 722 (1951). The resolution, petition, notice and ballot all complied with the statutory requirements of SDCL 9–20–7, 9–20–12 and 9–20–13.

■ Appellants' argument that the court should have set off more than $340 per month in rent is based on their assumption that the contract was binding on the city the day it was executed. We have already said that the city's authority to purchase arose from the resolution. But the resolution could not take effect until the twentieth day after its publication, unless it was suspended by operation of a referendum. SDCL 9–19–13. Referendum petitions were filed within this time. Accordingly, operation of the resolution authorizing the purchase was suspended. SDCL 9–20–6, 15. Moreover, the referendum election rejected the resolution. Hence, the city never had the authority to purchase the real estate and the relationship of lessor and lessee continued between the parties as it had before. The previous rent was $340 a month and the court correctly awarded this amount to appellants as a set-off.

■ The contract for deed provided that the city pay 10% interest on the balance of the purchase price after the down payment had been paid. It does not necessarily follow that the city be bound to the rate of 10% on prejudgment interest. Until December 4th, 1980, there was no judgment. Prejudgment interest on moneys due was 6% until it was changed to 12%.[1] SDCL 54–3–5; 1975 S.D.Sess.Laws, ch. 297; 1980 S.D.Sess.Laws, ch. 336; *see Northern Improvement Co., Inc. v. South Dakota State Highway Comm'n*, 314 N.W.2d 857 (S.D. 1982); *Associated Developers, Inc. v. City of Brookings*, 305 N.W.2d 848 (S.D.1981). Any prejudgment interest allowed here should have been calculated at 6% until the effective date of the amendment to SDCL 54–3–5, July 1, 1980, when it became 12%. The award of prejudgment interest at the rate of 10% was erroneous.

The judgment of the circuit court is affirmed in part. It is reversed and remanded in part for modification of the award of prejudgment interest.

---

1. Since the judgment was entered here the rate of prejudgment interest was changed again to 18%. 1981 S.D.Sess.Laws, ch. 348.