STATE EX REL. DEENEY, RESPONDENT, *v.* BUTTE ELEC-
TRIC AND POWER CO., APPELLANT.

(No. 2,954.)

(Submitted March 13, 1911.   Decided March 27, 1911.)

[115 Pac. 44.]

*Public Service Corporations—Powers Under Franchise—Reason-*
*able Rules—Electricity—Duty to Supply—When—Mandamus*
*—Pleadings—Demurrer—Admissions.*

Electricity—Duty of Corporation to Furnish—When.
    1.   A corporation authorized under a franchise to furnish electricity, gas or the like to the inhabitants of a city may be compelled to furnish it to all persons along its lines who offer to, and do, comply with its reasonable rules and regulations

Same—Refusal to Furnish—Rules—Reasonableness.
    2.   A rule of a public service corporation that one who fails or refuses to pay the price of the commodity furnished when due may be refused further service, is reasonable.

Pleadings—Demurrer—What Admitted.
   3.   The rule that by interposing a demurrer to an answer the pleader admits the truth of its allegations includes only facts properly pleaded, and does not extend to mere conclusions of law or inferences from facts not ·pleaded or conclusions drawn therefrom, even if alleged in the pleading.

Electricity—Refusal to Furnish—Theft of Gas—Mandamus.
   4.   Where the answer of defendant company in a proceeding in *mandamus* to compel it to furnish electricity to relator, failed to allege that it also had a gas franchise, a rule that it would not furnish electricity to one who had stolen gas from its mains until all reasonable bills therefor had been paid was not one which it had a right under its electricity franchise to adopt in protection of its gas business, and was therefore no defense to its refusal to supply relator with electric light.

*Appeal from District Court, Silver Bow County; Jeremiah J. Lynch, Judge.*

MANDAMUS by the state, on the relation of William Deeney, against the Butte Electric and Power Company. Judgment for relator, and respondent appeals. Affirmed.

*Messrs. Maury & Templeman,* and *Mr. J. O. Davies* submitted a brief in behalf of Appellant. *Mr. J. L. Templeman* argued the cause orally.

A writ of mandate is an extraordinary writ, never had for the mere asking, never granted in doubtful cases, never granted before the right thereto is clearly shown, and then only when tempered by a wise discretion of the court. To treat the writ otherwise would soon destroy its efficiency as a distinct portion of our jurisprudence. (*State ex rel. Beach* v. *District Court,* 29 Mont. 265, 74 Pac. 498.) While 'the remedy by *mandamus* is not equitable, but strictly legal, yet by analogy to the principles prevailing in courts of equity, it is a uniform requirement that the relator in seeking this remedy must come into court with clean hands. Hence, if the proceedings have been tainted with fraud, or if the relator has, through his neglect, lost the benefit of a legal remedy to which he was once entitled, relief should be denied, however meritorious the proceeding may be on other grounds. (2 Spelling on Extraordinary Remedies, 2d ed., sec. 1380.) And in two instances at least has this court applied

equity maxims in *mandamus* proceedings.    (See *Territory ex rel. Largey* v. *Gilbert,* 1 Mont. 371; *State ex rel. Beach* v. *District Court, supra.*)

We urge that the record shows such taint on the part of Mr. Deeney in the matter of his claimed grievance against the company as precludes his right to mandatory relief.    His case is not unlike the case of a citizen who caused a nuisance to exist upon a public street and then sought to compel the city to remove the same by *mandamus.*    The writ was denied.    (See *Speed* v. *City of Louisville,* 15 Ky. Law Rep. 400.)

In Montana, we know of no statute authorizing public service corporations to shut off service to a customer for nonpayment of bills.    However, sections 8659 and 8661, Revised Codes, make it larceny to take either gas or electricity of a public service corporation in a clandestine manner.    After a careful consideration of the authorities, we conclude that without express legislation upon the subject, a public service corporation has the right to disconnect service for nonpayment of bills upon a rule duly promulgated in the premises.    (See *Mackin* v. *Portland Gas Co.,* 38 Or. 120, 61 Pac. 134, 62 Pac. 20, 49 L. R. A. 596; *State ex rel. Latshaw* v. *City of Duluth,* 105 Minn. 472, 127 Am. St. Rep. 581, 117 N. W. 827; *Tacoma Hotel Co.* v. *Tacoma Light & Water Co.,* 3 Wash. 316, 28 Am. St. Rep. 35, 28 Pac. 516, 14 L. R. A. 669, and note.)

In behalf of Respondent, there was a brief by *Messrs. Breen & Jones.    Mr. H. K. Jones* argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

The purpose of this application was to compel the defendant to furnish to the relator electricity to light his residence in the city of Butte.    In his affidavit the relator alleges that he is a resident of that city, and defendant is a corporation organized and existing under the laws of the state of New Jersey, and authorized to do business in the state of Montana; that it is and

has been engaged in furnishing electricity to the city of Butte and its inhabitants under a franchise granted to its predecessor in interest by ordinance duly enacted by the city council on July 27, 1883; that, under the provisions of the ordinance, it has the right to extend its lines of wires along the streets and alleys of the city, and is required to furnish electricity to the city and its inhabitants for lighting purposes whenever demand is made for it and upon reasonable terms; that the house in which the relator resides is fitted with wires to receive electricity for domestic use; that the defendant has a power line along an alley through the block in which the relator's house is situated, by means of which it for a long time has been delivering electricity to the persons residing in the block; that heretofore and until October 19, 1910, the wires in relator's house were connected with the defendant's line, and electricity was delivered to him for lighting purposes; that relator paid all bills due to the defendant for its service, and complied with all of its reasonable rules regarding the use of electricity; that on the date mentioned the defendant wrongfully caused the connection between his line and relator's house to be severed, and unlawfully refused to furnish the relator with electricity; that, though demand was made for the restoration of the connection and service, it was refused, and that the relator has been damaged by being compelled to resort to other inferior means of lighting his house, to the amount of $1,000, and to pay counsel fees and costs to the amount of $560.20. Judgment is demanded that a peremptory writ issue requiring defendant to furnish the relator with electricity, and awarding him such sum in the way of damages as will compensate him for the injury and loss suffered.

The defendant's answer admits all the material allegations in the affidavit, except as to the damages. These latter it denies. As a justification for its action and as cause why relator is not entitled to relief, it alleges the following: "That for more than one year last past, and next before the nineteenth day of October, 1910, this defendant has been a public service corporation, and at all times engaged in furnishing and supplying to the

citizens of and residents within the city of Butte in Silver Bow county, Montana, under lawful permission so to do, by means of pipes, gas for fuel and other domestic purposes and lighting purposes. That for the period, full and entire, of twelve months next preceding the nineteenth day of October, 1910, the said William E. Deeney used for fuel purposes in his said residence gas of this defendant by means of a secret and furtive and clandestine connection with the mains and pipes of this defendant. That this defendant had no notice or knowledge of the said use by the said W. E. Deeney of its gas. That the said W. E. Deeney was during the said period of twelve months next preceding October 19, 1910, continually guilty of larceny of this defendant's gas, and using the same for fuel purposes. That the reasonable value and price of the said gas so used by the said W. E. Deeney in his said residence is more than the sum of $50. That no part of the said sum of $50 has ever been paid by the said W. E. Deeney, or by anyone in his behalf, to this defendant for its said gas so used by him. That demand has been made on the said Deeney before the institution of this special proceeding of a civil nature by him that he pay the reasonable value and price of the said gas so furtively used by him, and the property of and made by this defendant. That he refused to pay, and failed to pay, anything at all for the use of the same. That when he was so using the gas of this defendant he intended never to pay for any of the same, and intended to continue to use the same clandestinely and without paying for the same. That this defendant has had for the period of more than one year continuously a rule that it will not serve electricity to anyone who steals its gas, and that it will not sell gas to anyone who steals its electricity until all reasonable bills and charges for both gas and electricity are paid to the company, this defendant. That such rule is a reasonable rule and regulation, as this defendant avers, and without this rule persons of the disposition to do so get, and there are some in Butte who would obtain, the products of gas and electricity furnished to the public by this defendant without being required to pay or paying for the same.'' To this answer

the court sustained a general demurrer, and, after a hearing on the question of damages, rendered judgment that the writ issue, and that the relator recover damages to the amount of $1, together with costs of the proceeding. The defendant has appealed. The one question submitted for decision is whether the answer alleges facts sufficient to constitute a defense.

It is conceded by defendant—and the concession is proper—that a company authorized under a franchise to carry on a [1] business public in its nature, such as furnishing electricity to the inhabitants of a city, may be compelled to furnish it to all persons along its lines who offer to, and do, comply with its rules and regulations. (*State ex rel. Milsted* v. *Butte City Water Co.,* 18 Mont. 199, 56 Am. St. Rep. 574, 44 Pac. 966, 32 L. R. A. 697; *Shepard* v. *Milwaukee Gaslight Co.,* 6 Wis. 539 (526), 70 Am. Dec. 479, and note; *Williams* v. *Mutual Gas Co.,* 52 Mich. 499, 50 Am. Rep. 266, 18 N. W. 236; *Haugen* v. *Albina Light & Water Co.,* 21 Or. 411, 28 Pac. 244, 14 L. R. A. 424; *Mackin* v. *Portland Gas Co.,* 38 Or. 120, 61 Pac. 134, 62 Pac. 20, 49 L. R. A. 596; *State* v. *Telephone Co.,* 17 Neb. 126, 52 Am. Rep. 404, 22 N. W. 237; *Crumley* v. *Watauga Water Co.,* 99 Tenn. 420, 41 S. W. 1058.)

It is likewise properly conceded by the relator that such a company may adopt and enforce whatever rules and regulations, or pursue any course of conduct it may deem necessary to protect its interests, providing they are reasonable, and that a rule [2] that the particular service may be discontinued as to any patron who fails or refuses to pay the price of the service when due is reasonable. (*State ex rel. Milsted* v. *Butte City Water Co., supra; American Waterworks Co.* v. *State,* 46 Neb. 194, 50 Am. St. Rep. 610, 64 N. W. 711, 30 L. R. A. 447; *Mackin* v. *Portland Gas Co., supra; Tacoma Hotel Co.* v. *Tacoma Light & Water Co.,* 3 Wash. 316, 28 Am. St. Rep. 35, 28 Pac. 516, 14 L. R. A. 669.)

These concessions narrow the inquiry down to the specific question: Is the rule upon which the defendant relies a reasonable one? In *State ex rel. Milsted* v. *Butte City Water Co.,*

*supra,* it was said: "Certainly the company may make reasonable rules and regulations. Doubtless it may require payments in advance for a reasonable length of time. It may within reasonable limitations cut off the supply of those who refuse to pay water rents due. It may make regulations authorizing an examination of meters in houses at reasonable times or adopt other reasonable rules for the regulation of its affairs. But it has no power to abridge the obligations assumed by it in accepting its franchise to supply an inhabitant of Butte with water, if he pays them for it in advance, and is a tenant and in the possession and occupancy of a house in need of water for general purposes." Accordingly, it was held that a rule under which it would "deal only with the owners of property requiring water to be turned on, or the agents of such owners," was unreasonable, because it was in conflict with its franchise.

By interposing a general demurrer to defendant's answer, the relator admitted the truth of its allegations, and, so far as they state probative facts, this court must assume them to be **[3]** true. But the rule does not extend to mere conclusions of law or inferences from facts not pleaded or conclusions drawn therefrom, even if alleged in the pleading. It includes only facts properly pleaded. (*McCormick* v. *Riddle,* 10 Mont. 467, 26 Pac. 202; 31 Cyc. 333; 6 Ency. of Pl. & Pr. 336; Bliss on Code Pleading, sec. 418.)

Defendant contends that it is admitted that it is a public service corporation engaged in supplying the inhabitants of Butte with both gas and electricity, and that it may refuse to sell either to any person who has been guilty of a larceny of the other, so long as he refuses to pay the value of the quantity stolen. For present purposes, and in view of the facts stated by relator in his affidavit, it may be assumed that it sufficiently appears from the answer that the defendant is a corporation engaged in supplying the inhabitants of Butte with electricity, with the powers and privileges conferred by its charter, and a **[4]** franchise under which it is conducting its business. But it does not follow that it may, under the guise of a rule adopted

ostensibly to secure and protect its interests in rendering this public service, impose restrictions designed to extend the same protection to other business conducted by it having no connection with the franchise granted by the city for a specific purpose. It is not alleged that the defendant possesses a franchise to supply gas to the inhabitants of Butte. So far as appears, its engagement in the manufacture and distribution of gas may be wholly without a franchise. If this be so, this part of its business stands upon the same footing as would dealing by it in electrical fixtures and other merchandise of the same character. No one would contend for a moment that a rule declaring that the defendant would cease to furnish electricity to any person who should be in default of payment of a bill for merchandise of the description mentioned would be within the purview of the powers granted by the franchise. It may be that the defendant has a gas franchise. That it has, however, is at best not a just inference from anything stated in the answer, but rather an inference from facts the existence of which rests altogether in surmise. The allegation on this subject is a mere conclusion. It is a crime to steal gas. (Rev. Codes, sec. 8659.) But the defendant has no more right to use its franchise to protect its private gas business than it would have to protect its private merchandise business.

Upon the facts as presented in this case, the relator was entitled to have the defendant furnish to him electricity upon the same footing with every other citizen. The defendant might prosecute him in the courts for a violation of the law, but could not assume to itself the power to punish him for the violation of a rule which it had no power to adopt. The demurrer was properly sustained.

The judgment is affirmed.

*Affirmed.*

MR. JUSTICE SMITH and MR. JUSTICE HOLLOWAY concur.