CITY OF SIOUX FALLS, Respondent, v. SONA, Appellant

(35 N. W.2d 296.)

(File No. 9005. Opinion filed December 28, 1948)

**Louis H. Smith,** of Sioux Falls, for Appellant.
**Roy D. Burns,** of Sioux Falls, for Respondent.

ROBERTS, P. J.   This is an unlawful detainer action involving the possession of premises described as Building 421, Aparement B, in the City Housing Project of the City of Sioux Falls.   The case was tried to the court, trial by jury having been waived.   The court found and decreed that plaintiff was entitled to possession of the premises.   Defendant has appealed.

The 1947 Legislature, by Chap. 229, Laws 1947, declared as a matter of legislative findings that because of an acute housing shortage existing in many areas of the state there are Veterans of World War II and their families who are unable to obtain adequate and suitable housing and shelter and that as a result of such condition a public emergency exists requiring the expenditure of public money to provide temporary emergency housing for such persons.   Section 2 of this act authorizes a municipality of the first class in which a housing shortage exists "to acquire, * * * maintain, and lease temporary housing facilities for veterans of World War II and their families."   Section 4 authorizes such a municipality to contract with the Federal Public Housing Authority for the acceptance of facilities for the purpose specified in Section 2.   Pursuant to the authority granted the city of Sioux Falls entered into a contract with the Federal Public Housing Authority wherein the latter alloted to the city 102 family dwelling units.   The contract provides that the city shall not admit to occupancy therein any person other than

an "eligible tenant". The term "eligible tenant" is defined to mean "distressed families of service men and veterans and their families and single veterans attending an educational institution."

The plaintiff city sought eviction on the ground that defendant was not an "eligible tenant". On examination by counsel for the city defendant testified:

"Q. You are not a veteran of World War II? A. No, I am not.

"Q. No immediate member of your family is a veteran of World War II? A. No.

"Q. And you know you are not entitled to it? A. I didn't know at the time I applied for it.

"Q. But you knew it a few days afterwards? A. I knew it five or six days after, Corning (City Housing Director) told me."

In a questionnaire filed with the City Housing Director defendant wrote the word "No" in answer to the question, "Are you a veteran of World War II?" It is argued that the city having voluntarily entered into the relationship of landlord and tenant, it must accept the incidents of such relationship and be governed by the Federal Housing and Rent Act, 50 U. S. C. A. Appendix, § 1881 et seq.

In Paxson v. Smock, D. C., 73 F. Supp. 793, relied on by defendant, the dwellings involved were acquired by the State of Pennsylvania by condemnation for the purpose of widening streets and pending the commencement of the improvement the houses were leased to tenants at various intervals. Plaintiffs sought to enjoin evictions. Defendants urged that Section 209(b), Housing and Rent Act of 1947, was applicable. That section reads in part as follows: "Notwithstanding any other provision of this Act, the United States or any State or local public agency man maintain an action or proceeding to recover possession of any housing accommodations operated by it where such action or proceeding is authorized by the statute or regulations under which such accommodations are administered." The court concluded that the transactions between the state and plaintiff tenants were entered into for purely business reasons

and that the premises involved did not constitute public housing within the contemplation of the federal act. That precisely is not the case before us. The city could not select tenants of its own choice. It was not engaged in a private enterprise, but in the management and operation of a public housing project for the benefit of veterans of World War II. True, the City Housing Director should not have permitted defendant to obtain accomodations in the housing project, but in this connection, it should be noted, that certain terms and conditions governing the occupancy of a dwelling within the housing project and made a part of the agreement between the city and the defendant expressly authorized the city to terminate occupancy by giving notice in writing "if neither the occupant nor any member of the family is a certified veteran." Defendant was not entitled to protection from eviction under the federal act.

■ Defendant questions the authority of the mayor to terminate a lease or to take such action as was here taken without the express direction of the governing body. SDC 45.0807 provides that in cities governed by boards of three members, all duties not specifically assigned by statute shall be apportioned among the members by resolution of the board at its first meeting in May each year. The resolution of the city commission, adopted in May 1947, was received in evidence. "All matters and appointments, relating to * * * public buildings" are therein assigned and apportioned to the mayor. The city commission has interpreted its resolution to vest supervision of the city housing project in the mayor. It is to be borne in mind that the legislature has declared that the furnishing of temporary housing for veterans is a public purpose and within the scope of municipal activities. It was unreasonable for the commission to conclude that dwelling units within the project are public buildings and within the purview of the resolution.

The judgment appealed from is affirmed.

All the Judges concur.