OWENS et ux, Respondents
v.
CITY OF BERESFORD, Appellant

(201 N.W.2d 890)

(File No. 10958. Opinion filed November 15, 1972)

**Robert B. Frieberg, Frieberg & Frieberg,** Beresford, for defendant and appellant.

**Blaine O. Rudolph, Rudolph & Bogue,** Canton, for plaintiffs and respondents.

HANSON, Presiding Judge, on reassignment.

This is an action for damages brought by plaintiffs for the alleged unlawful termination of their electrical and telephone service by the City of Beresford. The City appeals from a judgment in the amount of $750 entered on a verdict in favor of plaintiffs. The City also appeals from an order dismissing its counterclaim against plaintiffs in the amount of $101.60 for garbage hauling fees.

In 1955 the City of Beresford adopted Ordinance No. 232 providing for the payment of fees for the collection of garbage. [1]

---

1. SDCL 9-32-11 provides that: "Every municipality shall have power to collect and dispose of and regulate the manner of handling of garbage and other waste material and for such purpose to acquire, establish, maintain, operate and regulate equipment and garbage disposal plants, incinerators and dumping grounds and to fix and collect charges for such services, and to contract with one or more persons for the collection and hauling of garbage and other waste material from the municipality or districts established therein."

This ordinance was superseded by Ordinance No. 285, which was in force at the time this action was commenced. As amended, Ordinance No. 285 regulates the collection of garbage, rubbish and waste material and the disposal thereof and established a collection fee. The pertinent parts of this ordinance are as follows:

> "SECTION. 10.1 *Fees for garbage collection service.* The following fees shall be charged by the City of Beresford for garbage and rubbish collection services:
>
> SECTION 10.2 *Residential:* For the occupant of every dwelling house, apartment or building used or occupied for residential purposes, a monthly fee of $1.50 per family."

Pursuant to this ordinance, the city entered into a contract with a private individual for the collection and disposal of garbage and rubbish from the city in return for a payment of $975 per month. Residents are permitted to haul garbage, rubbish and trash to the city dump during times the dump is open.

There was a period of time during which the contract garbage hauler did not collect garbage from an outlying area of the city. With the exception of some persons in this outlying area, all residents within the city were billed on a mandatory basis for garbage collection whether or not they utilized the garbage collection services. Prior to April of 1970, there were certain residents of the city, including plaintiffs, who refused to pay the garbage collection fee. Plaintiffs never utilized the garbage collection services.

Approximately six months prior to April of 1970, the city auditor asked Mr. Owens why he had not paid his garbage bill. Mr. Owens replied he would never pay it. On or about April 1, 1970, plaintiffs and three other residents of the city whose garbage collection accounts were delinquent were notified that if the garbage collection fees were not paid by April. 15th their electricity and telephone service would be discontinued. With the

exception of plaintiffs, all of these persons responded to the notice and made arrangements for the payment of their delinquent garbage fee bills.

At the time the notices were sent out there were some residents who had never been billed for garbage collection services. The auditor testified nothing was ever collected from any of these persons, "* * * But, we did check back and we did put them on the billing and they have been paying since." This was done during the summer of 1970.

As a result of plaintiffs' refusal to pay or to make arrangements to pay their delinquent garbage collection fee bill, the city disconnected their electric service on April 15, 1970, and their telephone service on May 1, 1970, pursuant to provisions of Ordinance No. 292, adopted in 1968, which established a penalty for delinquent utility bills in the following language:

> "SECTION 1. All bills rendered are net and payable upon receipt and delinquent if not paid by the 15th of the month following the month for which the bill is rendered. Delinquent accounts are subject to disconnection of all services without notice."

Shortly after the termination of his electric service, Mr. Owens discussed the matter separately with the mayor of Beresford, a member of the Beresford City Council and an attorney from Elk Point, South Dakota. In each instance he was advised that upon payment of a $3.00 hookup fee his utility service would be reconnected pending the outcome of his dispute with the city over the matter of the mandatory garbage fee. Plaintiffs refused to pay the $3.00 hookup fee and commenced this action against the city on July 22, 1970. (Apparently the electric service was reconnected sometime in July of 1970, although the record is not clear as to the exact date and the circumstances under which this was done).

It is evident that when the City of Beresford adopted Ordinance No. 285 the purpose was to provide a city wide garbage collection and disposal program to be financed by a mandatory garbage collection fee whether or not the services

were utilized. Although the city officials may have been somewhat lax in not billing certain residents in an outlying area of the city for the garbage collection fee prior to the spring of 1970, the evidence shows the city council had interpreted the resolution as requiring a mandatory garbage collection fee. Such an interpretation should be given consideration in determining the effect of the language of the ordinance. See City of Sioux Falls v. Sona, 72 S.D. 414, 35 N.W.2d 296; 6 McQuillin, Municipal Corporations (3rd Ed.) § 20.45, p. 119. Ordinances should be reasonably and liberally construed as a whole in order to give them the effect intended, and, if reasonably possible, to sustain them. 6 McQuillin, Municipal Corporations (3rd Ed.) § 20.49, p. 129.

We, therefore, conclude that Beresford Ordinance No. 285 is mandatory in nature. In arriving at this conclusion it is necessary to construe companion Ordinance No. 292, regarding the power of the city to disconnect service for delinquent accounts.

In providing electrical power and telephone service to its inhabitants the City of Beresford is engaged in the operation of two public utilities. When a municipal corporation owns or operates a public utility, it is engaged in a proprietary capacity and not a governmental capacity. State ex rel. Hurd v. Blomstrom, 72 S.D. 526, 37 N.W.2d 247. Thus the obligations resting upon the municipality are identical to those of a private utility company operating under the same circumstances. 12 McQuillin, Municipal Corporations, (3rd Ed.) § 35.35, p. 465. Also see Edris v. Sebring Utilities Commission, Fla.App., 237 So.2d 585.

Discrimination by a municipal corporation in operating a public utility is not forbidden, however, unjust discrimination by the municipality is forbidden. 12 McQuillin, Municipal Corporations, (3rd Ed.) § 34.101, p. 231. SDCL 49-31-11 specifically prohibits discrimination by a telephone company and SDCL 49-41-9.1 prohibits it by electrical suppliers. Also see SDCL 49-34-14.

The decisions are generally in accord in holding that a public utility corporation cannot refuse to render the service

which it is authorized by its charter (or by law) to furnish, because of some collateral matter not related to that service. 43 Am. Jur., Public Utilities and Services, § 23, p. 588; 73 C.J.S. Public Utilities § 7 a, p. 999. This rule has been extended to municipally owned and operated utilities. Garner v. City of Aurora, 149 Neb. 295, 30 N.W.2d 917; Dale v. City of Morganton, 270 N.C. 567, 155 S.E.2d 136; Hicks v. City of Monroe Utilities Commission, 237 La. 848, 112 So.2d 635.

Garner v. City of Aurora, 149 Neb. 295, 30 N.W.2d 917, involved a suit to enjoin the city from cutting off plaintiff's water supply for failure to pay the garbage collection fees. The Nebraska Supreme Court said, " 'The authorities are uniform to the effect that a public service corporation cannot refuse to furnish its public service because the patron is in arrears with it on account of some collateral or independent transaction, not strictly connected with the particular physical service. For instance, electric companies frequently sell electric stoves, refrigerators, and the like. Such a company cannot cut off electric service because the patron is in default in the payment of a bill of that description. * * *' " The Nebraska court held the city could not collect a bill for garbage collection by disconnecting water service, and any attempt by the city would be enjoined.

Since garbage collection is a collateral matter to electrical and telephone services, the City of Beresford could not disconnect the plaintiff's telephone and electrical services for failure to pay the mandatory garbage collection fee. Such action is discriminatory and unlawful. Consequently, Ordinance No. 292 which purports to allow such discrimination of public utility service is likewise unlawful and in excess of the city's power to so legislate.

Among the trial court's instructions to the jury was the following:

"4

"The Court finds as a matter of law that the city ordinances numbered 232 and 285 relative to the collection of garbage were not mandatory in nature and for

many years no attempt was made to enforce it as a mandatory utility service. The facts are not in dispute that the plaintiff never used the garbage service of the City of Beresford during the period in question and under the circumstances would not be liable for such service charges. Therefore, the counterclaim of the defendant for the delinquent garbage service fees is hereby dismissed by the Court.

The Court further finds as a matter of law that the disconnection of the plaintiffs' electric service on April 15, 1970 and the telephone service on May 1, 1970, in order to enforce payment of an illegal charge would be a wrongful act on the part of the City of Beresford. It is the law of this State that a city or municipal corporation is liable for its wrongful acts in the same manner as any individual or corporation where it is acting in a so-called proprietory capacity. South Dakota Law has established that the furnishing of electric and telephone service comes within the proprietory functions of a city government."

The trial court determined the action of the city in discontinuing electrical and telephone service to plaintiffs was wrongful as a matter of law "in order to enforce payment of an illegal charge". This conclusion of the trial court was evidently based on its determination that Ordinance No. 285 was not mandatory in nature. Having construed Ordinance No. 285 to be mandatory, we conclude the trial court's conclusion was correct, but its reason was erroneous. The city's action in disconnecting plaintiff's electrical and telephone service was wrongful because it could not lawfully disconnect its public utility service for an unrelated collateral reason.

■ This court has consistently held that where the trial court reaches the right result it will not be reversed even though based on erroneous conclusions or wrong reasons. See numerous cases cited in SDC 1939, Vol. 4, page 365. In the recent case of House of Seagram, Inc. v. Assam Drug Co., 83 S.D. 320, 159 N.W.2d 210, this court held that where the trial court has reached the right result, reviewing court will not overturn that action because

trial court's reasons for so doing were wrong. In Northwestern National Bank of Sioux Falls v. Gillis, 82 S.D. 457, 148 N.W.2d 293, our court said a correct result will not be overturned though based on a wrong reason. Also see Holmes v. Miller, 71 S.D. 258, 23 N.W.2d 794; Kirby v. Western Surety Co., 70 S.D. 483, 19 N.W.2d 12.

In summary, we hold Beresford Ordinance No. 285 is mandatory in nature and Ordinance No. 292 is unlawful and did not and could not authorize the city to terminate public utility services for the unrelated delinquent garbage collection fees. Therefore, the question of wrongful termination and discrimination of public utility services was correctly and rightfully submitted to the jury and the award should be sustained. Further, we hold the city's counterclaim for the accrued mandatory garbage collection fees in the amount of $101.60 should not have been dismissed, and should be deducted from the judgment for plaintiffs.

Affirmed in part and reversed in part. No costs shall be taxed either party.

BIEGELMEIER, WINANS and DOYLE, JJ., concur.

WOLLMAN, J., concurs in part and dissents in part.

WOLLMAN, Judge (concurring in part, dissenting in part).

While I agree that Ordinance No. 285 is mandatory in nature and that the city's counterclaim should not have been dismissed, we should not consider the question of the validity of Ordinance No. 292 since that issue was not directly raised in the trial court.