Ben HONOMICHL and Susan Ho-
nomichl, d/b/a Custom Sales,
Plaintiff and Appellant,

v.

Roger MODLIN, Defendant
and Appellee.

No. 17329.

Supreme Court of South Dakota.

Considered on Briefs Sept. 9, 1991.

Decided Nov. 20, 1991.

Wanda Howey–Fox of Harmelink & Fox
Law Office, Yankton, for plaintiff and ap-
pellant.

John Slattery, Elk Point, for defendant
and appellee.

MILLER, Chief Justice.

Ben and Susan Honomichl, d/b/a Custom
Sales (Custom Sales), brought action seek-
ing to recover $8,881.48 for repairs per-
formed on vehicles owned by Roger Mod-
lin. Custom Sales appeals from the trial
court's judgment awarding it only
$4,685.48, asserting that from the evidence
presented at trial, it should have received a
larger award based on an hourly rate and
that it should have also been awarded stor-
age costs and prejudgment interest. We
affirm in part, reverse in part, and remand.

## FACTS

Custom Sales is an automobile body re-
pair business located in Jefferson, South
Dakota. Sometime in late 1988 or early
1989, Modlin brought two vehicles, a 1986
Blazer and a 1987 Ford pickup, to Custom
Sales to be repaired. Modlin also delivered
a 1987 Ford Dually to Custom Sales a few
months later for repairs.

A dispute arose over the price of the
repairs. Custom Sales alleged that it was
to be paid $25 per hour plus parts. Modlin
claimed they orally agreed on a fixed price
for the repairs. Ultimately, Custom Sales
initiated this action to recover $8,881.48
(reflecting a credit of $2,950 already paid).
Modlin answered and counterclaimed, alleg-
ing Custom Sales owed him $1,080 for
trees he planted at the Honomichl resi-
dence.

The trial court found there was an oral
contract between the parties, and that Mod-
lin owed Custom Sales $9,175.48 for work
and materials provided. The court allowed
Modlin credit of $3,500 for sums already
paid, plus a credit of $990.00 for the trees.
The trial court refused to award costs of
storage or prejudgment interest. Custom
Sales appeals.

## ISSUE I

WHETHER THE AMOUNT OF THE
JUDGMENT WAS APPROPRIATE.

■ Custom Sales' first argument is that the trial court was clearly erroneous in setting the amount of the judgment, asserting that by a clear preponderance of the evidence it was entitled to a judgment of $8,260.42. However, the record does not contain proposed findings of fact and conclusions of law, or objections to Modlin's proposed findings by Custom Sales. *See* SDCL 15–6–52(a).

Under the settled law of this state, "[t]he failure of an appellant to object to findings of fact and conclusions of law and to propose his or her own findings, *limits review to the question of whether the findings support the conclusions of law and judgment.*" *Huth v. Hoffman,* 464 N.W.2d 637, 638 (S.D.1991) (emphasis added); *GMS, Inc. v. Deadwood Social Club, Inc.,* 333 N.W.2d 442, 443 (S.D.1983); *Application of Veith,* 261 N.W.2d 424, 425 (S.D.1978). Accordingly, on review, this court may only determine whether the trial court's conclusions of law and its order and judgment are supported by the findings of fact.

We have reviewed the salient findings and determine that they support the conclusions of law.

## ISSUE II

WHETHER THE TRIAL COURT'S CONCLUSION DENYING PREJUDGMENT INTEREST IS SUPPORTED BY THE FINDINGS.

■ The trial court found that Custom Sales was not entitled to prejudgment interest because "there was no sum certain which could be reasonably calculated based upon the facts and the contradictory testimony of both parties."

SDCL 21–1–13.1, cited by Custom Sales as its sole authority for the availability of prejudgment interest, does not apply in this case. That statute applies only to those actions commenced on or after July 1, 1990. SDCL 21–1–13.2. This action was commenced May 18, 1989, therefore, the controlling statute is SDCL 21–1–11, which reads as follows:

Every person who is entitled to recover damages *certain, or capable of being made certain by calculation,* and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor, from paying the debt. (Emphasis added.)

We recently addressed the issue of prejudgment interest in *Clements v. Gabriel,* 472 N.W.2d 480 (S.D.1991), by stating: "The prevailing party is entitled to prejudgment interest only if damages are certain or capable of being made certain by calculation; prejudgment interest is not to be awarded if the damages are uncertain until determined by the trier of fact." *Id.* at 484 (citing *First Nat. Bank of Minneapolis v. Kehn Ranch, Inc.,* 394 N.W.2d 709 (S.D.1986); *Twin City Testing & Engineering Lab. v. Smith,* 393 N.W.2d 456 (S.D.1986)).

The problem which presents itself is, when are damages "certain or capable of being made certain by calculation?"

If this Court has been caught up with confusion, it is not alone in the jurisdictions of this Union. It should not bear the brunt of deep censure. Courts throughout the land are struggling with prejudgment interest. Court declarations on this subject have been an academic pilgrimage. Each particular set of facts seems to create a new hazard.

*S.D. Bldg. Auth. v. Geiger–Berger Assoc.,* 414 N.W.2d 15, 26 (S.D.1987) (Henderson, J., concurring specially). In *Arcon Const. Co. v. S.D. Cement Plant,* 405 N.W.2d 45, 47 (S.D.1987), Justice Wuest, writing for this court, stated: "Often this statutory language has been difficult for the courts to apply to the variety of cases. It has also undoubtedly been difficult for attorneys to advise their clients on whether they are entitled to prejudgment interest on their contract claims."

As noted earlier, the state legislature recently enacted SDCL 21–1–13.1, which applies to actions commenced after July 1,

1990.[1] The new statute addresses more specifically some of the difficult issues which often arise with prejudgment interest. Perhaps the new statute will eliminate some of the uncertainty courts and attorneys have had in applying the rule.

Prejudgment interest may be denied on the theory that when a person who is liable does not know what sum he owes, he cannot be in default for not paying. *Clements*, 472 N.W.2d at 485–86 (citing *Beka v. Lithium Corporation of America*, 77 S.D. 370, 92 N.W.2d 156 (1958)); *Heer v. State*, 432 N.W.2d 559, 562 (S.D.1988). In contrast, we have often said the purpose of awarding prejudgment interest is "to do justice to one who has suffered a loss at the hands of another person." *Jensen Ranch, Inc. v. Marsden*, 440 N.W.2d 762, 767 (S.D.1989); *S.D. Bldg. Auth.*, 414 N.W.2d at 19; *Amert v. Ziebarth Const. Co.*, 400 N.W.2d 888, 890 (S.D.1987). "The true principle, which is based on the sense of justice in the business community and our statute, is that he who retains money which he ought to pay another should be charged interest upon it." *Arcon* at 47; *S.D. Bldg. Auth.*, 414 N.W.2d at 19; *Gearhart v. Hyde*, 39 S.D. 273, 275, 164 N.W. 58, 59 (1917).

Custom Sales' complaint requested $8,881.48 plus prejudgment interest, costs, and attorney fees based on services completed at an hourly rate.[2] Modlin claimed he had an oral agreement with Custom Sales for an amount not exceeding $4,270.94 [3]

A bona fide dispute as to the amount of damages should not bar the accrual of interest in all circumstances or a plaintiff's right to interest would depend merely upon the reasonableness of the defendant.... Mere difference of opinion as to the exact amount of damages was not sufficient to excuse [defendant] from compensating [plaintiff] for loss of the use of its money from July 1970 until judgment in 1975.

*Heer*, 432 N.W.2d at 570 (Sabers, J., concurring in part, dissenting in part); *Arcon*, 405 N.W.2d at 47; *Gearhart*, 39 S.D. at 275, 164 N.W. at 59.

As Justice Sabers stated in *Heer*, "[o]bviously a debtor has the right to resist the debt, but in the meantime, he has had the use of the money and should pay interest on the obligation in accordance with SDCL 21-1-11." *Id.* (citing *S.D. Bldg. Auth.*, 414 N.W.2d at 28 (Sabers, J., concurring in part and dissenting in part)). Modlin admitted he owed Custom Sales money, the only dispute was the amount. The trial court found there was an oral contract and that Custom Sales was entitled to $4,685.48.[4] It is apparent that Modlin was on notice that he would have to pay at least the contract price, less credits.

1. SDCL 21–1–13.1 provides:

Any person who is entitled to recover damages, whether in the principal action or by counterclaim, cross claim or third-party claim, is entitled to recover interest thereon from the day that the loss or damage occurred, except during such time as the debtor is prevented by law, or by act of the creditor, from paying the debt. Prejudgment interest is not recoverable on future damages, punitive damages or intangible damages such as pain and suffering, emotional distress, loss of consortium, injury to credit, reputation or financial standing, loss of enjoyment of life or loss of society and companionship. If there is a question of fact as to when the loss or damage occurred, prejudgment interest shall commence on the date specified in the verdict or decision and shall run to, and include, the date of the verdict or, if there is no verdict, the date the judgment is entered. If necessary, special interrogatories shall be submitted to the jury. Prejudgment interest on damages arising from a contract shall be at the contract rate, if so provided in the contract; otherwise, if prejudgment interest is awarded, it shall be at the Category B rate specified in § 54–3–16. The court shall compute and award the interest provided in this section and shall include such interest in the judgment in the same manner as it taxes costs.

2. The $8,881.48 reflects a credit of $2,950.00 for payments made.

3. The $4,270.94 reflects a credit of $4,580 for payments made and trees provided.

4. According to the briefs, subsequent to this appeal the parties entered a stipulation whereby the frame, which was the subject of Count IV, would not be delivered and the judgment could be reduced by $1,134.35.

When someone is entitled to recover damages often they are also statutorily entitled to the time value of money which has been withheld from them. In essence, prejudgment interest discounts future damages to present value, and prejudgment interest under SDCL 21–1–11 compensates the plaintiff for the detention of his money when interest has not been provided for by contract.

*Arcon* at 47.

Accordingly, we find there was a sum certain from which prejudgment interest could be calculated with reasonable certainty. Courts should not hesitate to award prejudgment interest when the facts and circumstances make the amount of damages readily determinable. *Arcon*, 405 N.W.2d at 47. Furthermore, "[i]t seems clear from these cases that the instances in which interest will be denied have been progressively restricted by a liberal application of the rule." *Clements*, 472 N.W.2d at 484 (citing *Beka*, 77 S.D. at 376, 92 N.W.2d at 160)). Thus, the trial court's conclusion that Custom Sales was not entitled to prejudgment interest is an error of law and the judgment must be reversed and remanded.

Affirmed in part, reversed in part, and remanded [5] for further proceedings consistent with this decision.

WUEST, SABERS and AMUNDSON, JJ., concur.

HENDERSON, J., concurs in part and dissents in part.

HENDERSON, Justice (concurring in part; dissenting in part).

### I.

On issue one, I concur.

### II.

On issue two, I dissent. This is my position: Each and every case cited by the Chief Justice is not applicable to the facts of *this* case.

In *this* case, we must consider the (1) intent of the contracting parties regarding interest and (2) the dealings between the parties—not precedent in this Court where interest was imposed on a totally different set of facts.

Clearly, appellants are claiming that the trial court was clearly erroneous in failing to award prejudgment interest. But, just as clearly, appellants testified that there was no interest charge agreed to between the parties, as exemplified by the exhibits admitted into evidence, and that past practice between the parties demonstrated that interest was not charged.* *See, Crown v. C.I.R.*, 585 F.2d 234, 240 (7th Cir.1978);

---

**5.** The dissent claims the foregoing authorities are inapplicable to the facts of this case. It is respectfully suggested that the dissenter fails to recognize the distinction between "contracted interest" and "prejudgment interest." *See Hepper v. Triple U Enterprises, Inc.*, 388 N.W.2d 525 (S.D.1986) (plaintiffs had to pay interest provided under contract; however, claim for prejudgment interest denied because damages were uncertain until jury rendered verdict); *Barton Masonry, Inc. v. Varilek*, 375 N.W.2d 200 (S.D.1985) (contractor entitled to prejudgment interest in action seeking recovery on breach of contract and quantum meruit theories); *Cert. of Question From U.S. Dist. Court*, 369 N.W.2d 658 (S.D.1985) (trial court should mathematically compute prejudgment interest using SDCL 54–3–4 and SDCL 54–3–16, which establish rate of interest where no rate of interest has been specified under obligation); *Subsurfco, Inc. v. B–Y Water Dist.*, 369 N.W.2d 129 (S.D.1985) (interest by way of damages in a breach of contract action allowed for the unlawful detention of money found to be due); *City of Mission v. Abourezk*, 318 N.W.2d 124 (S.D.1982) (trial

court erred in awarding prejudgment interest at rate specified in contract for deed (which related to interest on balance of purchase price owed) because prior to December 4, 1980, there was no judgment and trial court should have awarded prejudgment interest based upon the statute).

* Notwithstanding the footnote of Chief Justice Miller, I stand fast to my writing herein. I have read over this transcript and am totally convinced that the parties intended no interest be charged against or from one another. It makes no sense to me to impose a contract upon any individual who has not agreed to same. Why should the courts impose interest where the dealings of the parties has been expressly to the contrary? Chief Justice Miller cites the writing of Sabers, J., in *Heer*. This writer wrote *Heer*; not one Justice joined the writing of Sabers, J. The Court was composed of Wuest, C.J., Morgan, J., Henderson, J., Miller, J. and Sabers, J. In *Heer*, there was no testimony concerning the dealings of the parties which reflected that parties did not charge interest. *Heer* is totally

*Tate v. Ballard,* 243 Minn. 353, 68 N.W.2d 261, 266 (1954) (general rule is that liability for interest is purely a matter of contract, requiring a promise to pay it); 47 C.J.S. Interest & Usury, Consumer Credit § 9 (1982). Appellants cannot elevate their position above their own testimony. *Klatt v. Continental Insurance Co.,* 409 N.W.2d 366, 370 (S.D.1987); *Romey v. Landers,* 392 N.W.2d 415, 421 (S.D.1986); *Swee v. Myrl & Roy's Paving, Inc.,* 283 N.W.2d 570, 571 (S.D.1979).

Trial court decided the interest issue right for the wrong reason. *Seymour v. Western Dakota Vocational Technical Institute,* 419 N.W.2d 206, 209 (S.D.1988); *Owens v. City of Beresford,* 201 N.W.2d 890, 893, 87 S.D. 8, 15, 60 A.L.R.3d 707 (1972).

inapposite and the singular writing of Sabers, J., cited as authority, in this opinion, to impose interest on two parties, who never charged one another interest, is an academic affront to the law of interest. I respectfully suggest that the dissenter is not confused. My thesis is not that prejudgment interest never be granted; my thesis is that when the parties testify that in past practice, between the parties, on different accounts, that interest not be charged, that a court of law has no business imposing interest contrary to their express dealings. Who are we to make a contract, on interest, contrary to the dealings of the parties, as reflected by the exhibits and the testimony? There was no "contracted interest" here; rather, the bargaining was that there would be no "interest;" therefore, "prejudgment interest" cannot be imposed by the will of the court. There was a day, in this state, when *Beka* meant something. It was a solid case. It has been eroded by the holdings of this Court. The author relies upon *Clements,* handed down in 1991. I dissented in *Clements* expressing that *Amert* and *Hageman* had torn asunder the holding in *Beka.* I cited eight cases on interest in this Court in my *Clements* dissent. I note, in the present case, that *S.D. Bldg. Auth.,* is cited for an award of prejudgment interest; perhaps the principle espoused in said case can be used for general authority on prejudgment interest in South Dakota; however, *no* prejudgment interest was awarded in that case. In *S.D. Bldg. Auth.,* I specially concurred citing to the old *Beka* case. In said special concurrence, I referred to my special concurrence in *Hageman.* As I have repeatedly pointed out, no one should have to pay prejudgment interest when they have no idea of what they owe or have to pay because it is not "certain." And "the right to recover" must be "vested" upon "a particular date." No change in the law took place until new Justices came on this Court which carved up *Beka* and SDCL 21-1-11. With the oncoming of the new Justices, and the new decisions, the State Legislature enacted SDCL 21-1-13.1. As I read over that statute, it would appear that the Legislature took a conservative approach to interest and the imposition of prejudgment interest. The Legislature appeared to be disappointed with the advent of the new decisions on interest, which were brought about by a new composition of this Court. I agree that the new statute does not apply here. When the new dawn arises on the third historical phase of interest in South Dakota, and a new case arises under said case, the Legislative sun, shining brightly, has ordained for application: "Prejudgment interest on damages arising from a contract shall be at the contract rate, if so awarded in the contract; otherwise, if prejudgment interest is awarded, it shall be at the Category B rate specified in Section 54-3-16." However, the Legislature has limited, very sharply, prejudgment interest for it "... [interest] shall commence on the date specified in the verdict or decision and shall run to, and include, the date of the verdict. Or, if there is no verdict, the date the judgment is entered." Come the dawn, when the cases come up under the new statute, the imposition of interest, almost willy-nilly, shall disappear under the sunshine of reality, and that old grand-daddy *Beka,* shall shine again, sprinkling the air particles with certainty, rather than uncertainty.