**SOUTH DAKOTA PUBLIC UTILITIES COMMISSION,**

v.

**BARZEN INTERNATIONAL, INC.; Hartford Fire Insurance Company and Hartford Accident & Indemnity Company, Appellees.**

**and**

**Empire Feed & Grain, Inc., Appellant.**

**No. 17492.**

Supreme Court of South Dakota.

Considered on Briefs Dec. 3, 1991.

Decided Jan. 22, 1992.

Doug Eidahl, Asst. Atty. Gen., Pierre, for Public Utilities Com'n.

David N. Missner, Rudnich & Wolfe, Chicago, Ill., for Barzen Intern., Inc.

Eugene D. Mayer, Riter, Mayer, Hofer & Riter, Pierre, for Hartford Ins. Co. and Hartford Acc. & Indem. Co., appellee.

Michael F. Shaw, May, Adam, Gerdes & Thompson, Pierre, for Empire Feed & Grain Inc., appellant.

SABERS, Justice.

Grain dealer appeals a determination that it waived its right to interest under SDCL 21–1–12 by acceptance of principal. We affirm.

## FACTS

Barzen International, Inc. (Barzen) was a licensed grain dealer in South Dakota. In May, 1990, Barzen went out of business due to insolvency. In June, 1990, the South Dakota Public Utilities Commission (Commission) revoked Barzen's dealer's license. Hartford Insurance Company (Hartford) had written three separate bonds, each for $25,000, as surety for Barzen: one bond each for the years (July 1 to June 30) 1987–1988, 1988–89 and 1989–90. The Commission was appointed Receiver and Referee by the circuit court and given authority to make proposed decisions regarding amount and validity of claims against the bonds. A hearing was held on October 26, 1990, on all claims received for the three bond years.

Empire Feed & Grain, Inc. (Empire) presented claims for all three bond years. Empire was the only claimant for the bond years 1987–88 and 1988–89, and only these claims are addressed in this appeal.[1] Empire's claims for those two years are for interest only on late payments from sales of grain.[2]

The Commission concluded, in its proposed findings of fact and conclusions of law, that Empire did not waive its interest claims. However, the circuit court concluded that Empire's right to interest had been statutorily defeated. Empire claims the court erred in concluding that the findings of fact of the claims referee were clearly erroneous.

*Empire Waived All Claim to Interest.*

■ The standard of review of an agency's findings of fact is the same for this court as for the trial court—i.e. "whether the agency's findings of fact are clearly erroneous." *Matter of SDDS, Inc.,* 472 N.W.2d 502, 507 (S.D.1991); *see also, Kennedy v. Hubbard Milling Co.,* 465 N.W.2d 792, 794 (S.D.1991); *Permann v. Dept. of Labor, Unemp. Ins. D.,* 411 N.W.2d 113, 116–17 (S.D.1987). However, mixed questions of fact and law "require the application of a legal standard to an established set of facts [and] are fully reviewable." *SDDS,* 472 N.W.2d at 507; *Rusch v. Kauker,* 479 N.W.2d 496, 499 (S.D.1991). There is little factual dispute in this case. A mixed question of fact and law is presented as to whether interest was waived.

■ Empire sold grain to Barzen for a period of four years. During this time, all sales were paid in full. However, Barzen was late in making over half of these payments and paid no interest on these late payments. Notwithstanding Barzen's tardiness and its failure to pay interest, Empire continued to accept late payments and sell grain to Barzen.

Empire bases its claim for interest on SDCL 49–45–17, which provides:

Any person injured by the breach of any obligation of a grain dealer, for the performance of which a bond has been given under any of the provisions of this chapter, may sue on such bond in his own name in any court of competent jurisdiction to recover any damages he may have sustained by reason of such breach.

Empire argues that its claim to interest is supported by SDCL 21–1–11, which provides:

Every person who is entitled to recover damages certain, or capable of being

---

1. Barzen admitted and Hartford accepted Empire's claims for the bond year 1989–90.

2. Empire claims damages in unpaid interest in the amount of $24,384.86 for bond year 1987–88 and $33,126.24 for bond year 1988–89.

made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor, from paying the debt.

However, SDCL 21–1–11 does not provide for interest *as* damages, but simply interest *on* damages capable of being made certain. In *Tri–State Refining v. Apaloosa Company*, 431 N.W.2d 311 (S.D.1988), this court held that it was improper to compound pre-judgment interest and stated:

> [SDCL 21–1–11] allows interest to be recovered *thereon* which refers back to damages. This language appears to allow the recovery of interest on damages but not interest on interest.

*Id.* at 317 (emphasis original). Whether interest *as* damages may be allowed under SDCL 49–45–17 need not be addressed here, because SDCL 21–1–12 controls.

> SDCL 21–1–12. **Acceptance of principal as waiver of interest.** Accepting payment of the whole principal, as such, waives all claim to interest.

No claim is made that Barzen failed to make the required payments of principal. In fact, Barzen made every payment of principal and every payment was accepted by Empire. Empire contends, and the Commission found, that it made repeated requests to Barzen to pay all late charges (interest) and therefore did not accept the whole principal or waive all interest. These "repeated requests" took the form of phone calls, one trip to Stacy, Minnesota and two letters. The first letter was dated January 11, 1989. The second letter was dated March 8, 1989. The trial court found the record was insufficient to show when any of Empire's demands, other than the two letters, were made or that any of the claims preceded these letters. It also found that no contemporaneous requests for interest were ever made upon receipt of principal payments.

After fully reviewing these findings and conclusions, we affirm the trial court. In summary, Empire waived all claims to interest on late payments under SDCL 21–1–12 by its unqualified acceptance of principal over the four year period. Therefore, the trial court's conclusion that the Commission's Findings of Fact and Conclusions of Law were error is affirmed.

MILLER, C.J., and WUEST and AMUNDSON, JJ., concur.

HENDERSON, J., specially concurs.

HENDERSON, Justice (specially concurring).

Reference is made to our very recent decision in *Honomichl v. Modlin*, 477 N.W.2d 599 (S.D.1991) (# 17329 handed down 11–20–91).

In footnote one thereof, we quoted SDCL 21–1–13.1 and I shall extract therefrom a sentence within said statute: "Prejudgment interest on damages arising from a contract shall be at the contract rate, if so provided in the contract; otherwise, if prejudgment interest is awarded, it shall be at the Category B Rate specified in § 54–3–16."

In *Honomichl*, concurring in part; dissenting in part, this Justice expressed, inter alia: "Clearly, appellants are claiming that the trial court was clearly erroneous in failing to award prejudgment interest. But, just as clearly, appellants testified that there was no interest charge agreed to between the parties, and that past practices between the parties demonstrated that interest was not charged." (Citations omitted). Emphasizing in Honomichl, that we must hone in on the facts before us, I wrote: "... we must consider the (1) intent of the contracting parties regarding interest and (2) *the dealings between the parties—not* precedent in this Court where interest was imposed on a totally different set of facts." (Emphasis supplied mine). My point was then, and it is now, that you absolutely must examine the contract of the parties concerning interest *and* rivet in on their dealings with one another concerning the interest. As authority, 47 C.J.S. Interest & Usury, Consumer Credit § 9 (1982) was cited for the proposition that the general rule is that liability for interest is

purely a matter of contract, requiring a promise to pay it. In *Honomichl*, there was no promise; the dealings reflected that the parties had no agreement whatsoever on interest; quite to the contrary, all dealings between the parties demonstrated that interest was not being charged between the parties. Here, however, "interest" was billed with each billing.

With that background, let us examine the dealings of the parties before us in this appeal:

1. Empire's grain sales agreements with Barzen provided for a two percent, per month, finance charge, on any sales for which payment was not made within thirty days of delivery of grain. It would appear that this "finance charge" is, in reality, "interest."

2. Interest was billed, but was not paid.

3. Empire received payments on the principal but received no interest. These payments were chronically late.

4. Empire continued to sell grain to Barzen.

5. Empire did demand interest but Barzen refused to pay same.

6. Empire did not commence its claims for interest until the end of a long business relationship when Barzen became insolvent. By this time, four years had gone by, Empire accepting payments without interest and likewise making sales to Barzen during this four year period.

Empire attempts to circumvent the clear effect of SDCL 21-1-12 by advocating that it (a) did bill interest and (b) did demand interest by correspondence and telephone calls. But, unfortunate to its position, it continued to make sales to Barzen, continued to do business with Barzen, and did not put its foot down, during a four year period, and say, in effect, "you either pay the interest or we are not going to do any more business with you." SDCL 21-1-12 rings out against its position. It is a harsh stat-

ute. It contains only 13 words but they are powerful.