88 N.J. Super. 233 (1965)
211 A.2d 806
GEORGE A. ROSSI AND ANTOINETTE R. ROSSI, HIS WIFE, PLAINTIFFS-APPELLANTS,
v.
HENRY A. GARTON, JR., MAYOR, THE CITY OF VINELAND, A MUNICIPAL, CORPORATION OF THE STATE OF NEW JERSEY, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued June 1, 1965.
Decided June 24, 1965.
*234 Before Judges KILKENNY, LEWIS and GAULKIN.
Mr. Francis G. Reuss argued the cause for plaintiffs.
Mr. Bennett I. Bardfeld argued the cause for defendants.
*235 The opinion of the court was delivered by GAULKIN, S.J.A.D.
Defendant City of Vineland owns and operates what the parties call a "Municipal Electric Utility," serving over 12,000 customers in and outside of Vineland. See R.S. 40:62-63, 24. Vineland offered a credit of $150 against his electric bill to anyone who installed complete electric home heating after April 1, 1964 "in accordance with utility approved standards" and qualified for the Utility's all-service rate. Plaintiff George A. Rossi, a resident and taxpayer of Vineland and a customer of the Utility (and incidentally a fuel oil dealer), and his wife filed a complaint in lieu of prerogative writs challenging this allowance as "arbitrary, unreasonable, discriminatory, oppressive [and] unlawful," in that the action discriminated against taxpayers of Vineland and consumers of electric power generated by it, and alleging, further, that the allowance was "in direct violation of Art. VIII, section 3, paragraphs 2 and 3 of the New Jersey Constitution of 1947."
Vineland filed an answer which denied these allegations and alleged, as separate defenses, that the "allowance in question is made as a promotional effort to increase the sales of electrical energy and is consistent with similar promotions sponsored by the Utility during the past twenty-five years, and should result in increased revenues and increased net earnings for the Utility. * * * The allowance in question is nothing more than a legitimate business promotion, and is consistent with sound business practices and management." Thereafter the parties made cross-motions for summary judgment. Judge Cafiero denied plaintiffs' motion and granted defendants', and plaintiffs appeal.
We affirm. We agree that, in the operation of the Utility, Vineland is carrying on a business and its actions must be judged according to the standards which would be applied to a private company. Cf. Township of Washington v. Village of Ridgewood, 26 N.J. 578, 584 (1958); 12 McQuillin, Municipal Corporations (3d ed. 1950), § 34.105. What the court said in P.J. Ritter Co. v. City of Bridgeton, 135 N.J.L. 22, 33 (Sup. Ct. 1946), affirmed 137 N.J.L. *236 279 (E. & A. 1948), is applicable here, even though that case involved a water supply:
"When the City, as here, supplies water to its inhabitants, in its proprietary capacity, it is to be expected that it should follow modern business practices. And it is common knowledge that [a] buyer of large quantities of merchandise receives favorable consideration from the seller as to price. * * * We perceive no legal wrong in such classification. Such a classification is not unjustly discriminatory. We must be practical."
So judged, it seems to us perfectly reasonable and good business to offer inducements to prospective customers to increase their consumption of electricity. For example, in 1939-1942 Vineland offered a set of aluminum ware to each customer who installed an electric range. In 1955-1956 it offered a $35 credit to all customers who installed 100-ampere service, which enabled and encouraged them to make greater use of major appliances such as water heaters, dryers, etc. We take judicial notice that electric and gas companies frequently make offers of credit or premiums to those installing equipment which will make greater use of their products. We know of no reason why Vineland should be forbidden to do likewise simply because it is a municipality. As Judge Cafiero pointed out in his thorough opinion, the allowance was given in the reasonable expectation that it would bring profitable returns, and we agree with him that it was not discriminatory or a gift of money or property in violation of Article VIII, section III, paragraphs 2 and 3 of the 1947 State Constitution.
"Discriminations are not forbidden but only unjust discriminations. It is only arbitrary discriminations that are unjust. * * * If the difference in rates is based upon a reasonable and fair difference in conditions which equitably and logically justify a different rate, it is not an unjust discrimination." 12 McQuillian, Municipal Corporations (3d ed. 1950), § 34.101, pp. 314-315.
See also Yardville Estates, Inc. v. City of Trenton, 66 N.J. Super. 51, 61 (App. Div. 1961); Graver v. Edison Elec. Illuminating Co., 126 App. Div. 371, 110 N.Y.S. 603 (App. Div. 1908).
*237 As an example of Vineland's discrimination, plaintiffs argue that consumers who do not heat their homes with electricity, or who have electric heating equipment not installed as the offered allowance requires, but who may nevertheless use more current than those who qualify for the allowance, are not entitled to the $150 credit. That may be, but that does not make the allowance unlawfully discriminatory. A classification does not have to do perfect justice under all circumstances.
In the case of In re Long Island Lighting Co., decided by the New York Public Service Commission on July 7, 1953, it was held that a gas company's policy of giving a $25 discount to all consumers who installed gas ranges and heaters was not unlawfully discriminatory. The Commission's reasoning seems to us appropriate to this case. It said:
"Obviously, the tariff provision complained of is `discriminatory' but so are all tariff provisions which set up classifications of customers and make distinctions between them. The law does not prohibit discrimination. It prohibits `unjust or unreasonable discrimination.' The tariff provisions complained of unquestionably gave certain advantages to certain classes of consumers but it does not necessarily follow [that] this is done at the expense of the other consumers.
There is no question but that water heating load is a very good load and it is claimed that the income from new water heating customers will do more than offset [the] cost of acquiring them so that there will be a resulting improvement in the gas income of the Company. Such improvement would of course ultimately benefit the gas consumers as a whole. The evidence is not entirely convincing that this will be the case, but so long as there is reason to hope that it will, it cannot be said that the tariff provision in question arbitrarily gives an advantage to one class of consumers at the expense of another class and that it is, therefore unjustly discriminatory or unduly preferential, or in anywise in violation of any provision of law."
The judgment is affirmed.