237 So.2d 585 (1970)
Elias R. EDRIS and Mildred M. Edris, His Wife, Appellants,
v.
SEBRING UTILITIES COMMISSION, a Corporation, Appellee.
No. 69-509.
District Court of Appeal of Florida, Second District.
July 8, 1970.
Rehearing Denied August 6, 1970.
*586 H. Rex Owen, of Bussey, Simmons & Owen, St. Petersburg, for appellants.
Macbeth & Breed, Sebring, and Wallace L. Storey, Bartow, for appellee.
PIERCE, Judge.
Admittedly, a municipality in operating a utility to supply service to its inhabitants is acting in its proprietary capacity and not in its governmental capacity, and is governed by the same laws and may exercise the same rights as a private corporation under the same circumstances. Hamler v. City of Jacksonville, 1929, 97 Fla. 807, 122 So. 220; City of Lakeland v. Amos, 1932, 106 Fla. 873, 143 So. 744; 11 Fla.Jur., Electricity and Gas, § 17.
Florida has specifically excluded utilities owned and operated by municipalities from the regulation of public utilities. F.S. §§ 366.02, 366.11 and 367.02, F.S.A.
In the case sub judice, upon hearing on appellants' complaint for injunctive and declaratory relief, the lower Court held that Sebring Utilities Commission was justified in discontinuing its service to appellants' trailer park for that they breached their contract with the Commission which was entered into in accordance with the Commission's valid rules and regulations.
Mr. Edris had applied for and negotiated an oral contract with the Commission to furnish electric and water service to his trailer park site outside the city limits of Sebring. Pursuant to the agreement the cost of extending the City's water facilities was paid, a water meter was purchased and a deposit on the electric service was made by Mr. Edris, and the property was supplied with both water and electric service. As the trailer sites were developed Edris granted Florida Power Corporation, a private corporation, permission to enter the property, erect the necessary facilities and sell its product to any occupant desirous of doing business with it. When the Commission discovered that Florida Power had installed poles, it gave written notice to Mr. Edris that unless Mr. Edris complied with his agreement with the Commission to furnish complete water and electrical service to his trailer park, the Commission would terminate its water service. Edris refused to comply and the Commission discontinued electric and water service to the subdivision.
*587 The City of Sebring was authorized by statute to operate and furnish electric and water utility service to persons outside its municipal boundaries. It exercised such authority through its municipal agency, Sebring Utilities Commission. At all material times the Commission had in full force and effect a rule or policy which required water customers residing outside the municipal boundaries to purchase all electrical needs from the City as a condition precedent to obtaining water.
When a municipality provides public services beyond its corporate limits it may fix the rates charged for such service by contract, in the absence of forbidding statute, and is under no obligation to service customers outside the city on the same basis as those within its corporate limits. State v. City of Melbourne, Fla. 1957, 93 So.2d 371, and cases cited; Annotations in 4 A.L.R.2d 595; Town of Terrell Hills v. City of San Antonio, Tex. Civ.App. 1958, 318 S.W.2d 85; Faxe v. City of Grandview, 1956, 48 Wash.2d 342, 294 P.2d 402; Usher v. City of Pittsburg, 1966, 196 Kan. 86, 410 P.2d 419. See also Annotations in 48 A.L.R.2d 1222, p. 1230; Village of Virginia Gardens v. City of Miami Springs, Fla.App. 1965, 171 So.2d 199.
But this does not mean that a municipality may impose illegal conditions or unjustly discriminate in supplying water or electric service to persons outside its corporate limits. Discriminations are not forbidden but only unjust discriminations. 12 McQuillin, Municipal Corporations (3rd ed. 1950), § 34.101, pp. 314, 315; Yardville Estates, Inc. v. City of Trenton, App.Div. 1961, 66 N.J. Super. 51, 168 A.2d 429; Rossi v. Garton, App.Div. 1965, 88 N.J. Super. 233, 211 A.2d 806. The general rule is that a public utility corporation cannot refuse to render the service which it is authorized by its charter (or by law) to furnish, because of some collateral matter not related to that service. 43 Am.Jur., Public Utilities and Services, § 23; Annotations in 55 A.L.R. 771; 73 C.J.S. Public Utilities § 7, p. 999. This rule has been extended to municipally owned and operated utilities. Garner v. City of Aurora, 1948, 149 Neb. 295, 30 N.W.2d 917; Dale v. City of Morganton, 1967, 270 N.C. 567, 155 S.E.2d 136. See also Hicks v. City of Monroe Utilities Commission, 1959, 237 La. 848, 112 So.2d 635, 645.
In State v. City of Miami, 1946, 157 Fla. 726, 27 So.2d 118, our Supreme Court said that water and sewer services are so interlocked that neither can be effective without the other. The Court held that no constitutional rights of the owner or occupant of premises are violated by shutting off the water for nonpayment of the bill for use of the sewage disposal system. See Ruggles v. Padgett, 1962, 240 S.C. 494, 126 S.E.2d 553; Metropolitan Utilities District v. City of Omaha, 1961, 171 Neb. 609, 107 N.W.2d 397; Michelson v. City of Grand Island, 1951, 154 Neb. 654, 48 N.W.2d 769, 26 A.L.R.2d 1346.
Water and electrical services are not complementary or "so interlocked that neither can be effective without the other." Sebring Utilities Commission's rule which requires water customers outside the municipal boundaries to purchase a collateral utility from the City as a condition precedent to obtaining water is illegal, unjustly discriminatory, and invalid.
The lower Court erred in declaring the subject policy of the Commission to be valid and in denying appellants injunctive relief. We reverse its judgment with directions that it enter an order enjoining the Sebring Utilities Commission from forcing or attempting to force appellants to purchase electrical service in accordance with its policy by means herein indicated, that is, by shutting off and disconnecting the water service of such patron.
Reversed and remanded.
HOBSON, C.J., and LILES, J., concur.