473 So.2d 309 (1985)
EAST NAPLES WATER Systems, Inc., a Florida Corporation; the Glades, Inc., a Florida Corporation; and Hubschman Associates, a Florida Partnership, Consisting of Harrison Hubschman, Sameul Hubschman, Teryl Beyrent and Albert Hubschman, Appellants,
v.
Board of County Commissioners of Collier County; Collier County Water-Sewer District; David C. Brown, Mary-Frances Kruse, John Pistor, Frederick Voss and C.C. "Red" Holland, Individually As and Constituting the Board of County Commissioners of Collier County, Florida, and As and Constituting the ex-Officio Governing Board of the Collier County Water-Sewer District, Appellees.
No. 85-234.
District Court of Appeal of Florida, Second District.
August 7, 1985.
*310 Jeffrey M. Weissman, Gary S. Phillips and James H. Siesky of Sparber, Shevin, Shapo & Heilbronner, P.A., Miami, for appellants.
R. Bruce Anderson, Asst. County Atty., Naples, for appellees.
CAMPBELL, Acting Chief Judge.
Appellants appeal the order which dismissed, with prejudice, Count II of their second amended complaint. Count II charged appellees with violations of the Florida Antitrust Act, chapter 542, Florida Statutes (1983). We affirm.
While appellants raise several issues on appeal, it is necessary for us only to answer their first issue, which we do in the affirmative. That issue is whether the County Water and Sewer Systems Law, chapter 153, Florida Statutes (1983), exempts appellees, when acting pursuant to it, from the Florida Antitrust Act, chapter 542. We hold it does.
Appellants, in their complaint, allege that appellant East Naples Water Systems, Inc. owns and operates a private water and sewer utility which provides utility services to customers in certain unincorporated areas of Collier County. Appellant The Glades, Inc. develops its own property and property owned by appellant Hubschman Associates. Appellees, individually and as the Board of County Commissioners and the governing Board of the Collier County Water-Sewer District (the "District"), have allegedly sought to monopolize the water and sewer utility business for the benefit of the District. Appellees have also allegedly (a) conspired with or coerced other government officials and developers and owners of private water and sewer utilities to further their monopolistic efforts and restrain appellants from carrying on their trade of providing water and sewer utility services; (b) required appellants to install on-site water and sewer facilities at appellants' cost and deed the facilities to the county without just compensation; (c) sought to require all appellants' customers to become county customers; (d) required appellants to pay system development charges for no services rendered by the county and; (e) forced appellants to enter into unfavorable franchise agreements favoring appellees as a condition for granting Planned Unit Development applications. Count II of the second amended complaint thus alleged that appellees violated the Florida Antitrust Act.
Appellees did not argue below that Count II failed to state a cause of action under the Florida Antitrust Act, but relied solely on the position that appellees' alleged monopolistic actions were "exempt" from the Florida Antitrust Act.
Thus, the sole question which we must decide is whether appellees' actions are exempt from the Florida Antitrust Act. We conclude that the express language of sections 542.20 and 153.88(1) clearly provides such an exemption.
Section 542.20 provides as follows:
542.20 Exemptions.  Any activity or conduct exempt under Florida statutory or common law or exempt from the provisions of the antitrust laws of the United States is exempt from the provisions of this chapter.
Correspondingly, section 153.88(1) provides:
153.88 Construction of Law. 
(1) The provisions of this law shall be liberally construed to effect its purposes and shall be deemed cumulative, supplemental and alternative authority for the exercise of the powers provided herein. The exercise of the powers provided in this law and the issuance of bonds or other obligations hereunder shall not be *311 subject to the limitations or provisions of any other law or laws except as expressly provided herein.
We therefore conclude that appellees, when carrying out activities authorized by chapter 153, are exempt from the provisions of chapter 542. Appellants argue that appellees are improperly exercising their powers pursuant to chapter 153 and, thus, the exemption does not apply. Whether or not appellees properly carry out their powers and duties pursuant to chapter 153 is certainly a matter that is subject to judicial review, but not in an action based upon chapter 542.
Affirmed.
SCHOONOVER and LEHAN, JJ., concur.