508 So.2d 26 (1987)
SEBRING UTILITIES COMMISSION, Appellant,
v.
HOME SAVINGS ASSOCIATION OF FLORIDA, a State of Florida Chartered Savings & Loan Association, and American Homes Service Corporation, a Florida Corporation, Appellees.
No. 86-1366.
District Court of Appeal of Florida, Second District.
March 18, 1987.
As Modified on Denial of Rehearing June 5, 1987.
*27 Andrew B. Jackson, Sebring, and Steven L. Brannock of Holland & Knight, Tampa, for appellant.
H. Rex Owen and Bruce Crawford of Law Offices of H. Rex Owen, St. Petersburg, for appellees.
SCHEB, Acting Chief Judge.
Appellant Sebring Utilities Commission challenges a final judgment awarding treble damages to appellee Home Savings Association for the Commission's violation of antitrust laws. We reverse.
The Sebring Utilities Commission was established by the Florida Legislature pursuant to Chapter 23535, Laws of Florida (1945). The Commission operates public municipal electric and water utilities for the city of Sebring and also serves customers outside the municipal boundaries. Home Savings was constructing an office building outside the city limits and applied to the Commission for water service. Home Savings preferred to purchase electricity from Florida Power Corporation, a private utility, which competes with the Commission in areas outside the city of Sebring. The Commission, however, informed Home Savings that its water service application would not be approved unless it also agreed to purchase electricity from the Commission. Home Savings refused, and when the Commission, in April 1984, formally denied its application, Home Savings proceeded to install a private well to supply its water needs.
Home Savings brought suit against the Commission in May 1984, alleging the Commission's policy of tying together of water and electrical services was arbitrary and unjustly discriminatory. Home Savings sought damages based on the Commission's refusal to extend water service and its refusal to provide fire protection to the building without the tie-in of electricity. In February 1985, Home Savings added to its claim a demand for treble damages, alleging the tie-in of water and electrical services violated the Florida Antitrust Act of 1980. The Commission moved to strike the antitrust claim urging immunity from antitrust liability, but the motion was denied.
At a nonjury trial the Commission presented evidence of financial difficulties as justification for its tie-in policy. Revenues from both the water and electrical systems were pledged to repay the indebtedness on its $92 million in bonds issued in 1981. Yet, the Commission's witnesses testified that sufficient revenues were not being generated to satisfy the debt service on these bonds. Additionally, some reports indicated the need to increase the capacity of the water system. Testimony further demonstrated that the tie-in policy was adopted as a result of these economic pressures to increase the Commission's income. Furthermore, the Commission's evidence demonstrated that Home Savings never made separate application for fire protection. There was, however, evidence presented that fire protection was automatically included when water service was afforded by the Commission.
The trial court ruled that the Commission's practice of tying water and electrical services together was unjust and discriminatory and that its denial of Home Savings' application for water service was invalid. The court awarded Home Savings $76,466.13 damages for the amount it expended to install water and fire protection systems. The trial court further ruled the tie-in was *28 a violation of Florida's antitrust laws and that the Commission was not immune from suit under the antitrust act. Hence, the court awarded treble damages as provided in section 542.22(1), Florida Statutes (1983), resulting in an award of $229,398.39. The court retained jurisdiction to determine attorneys' fees and costs. From that judgment, this appeal by the Commission ensued.
At the outset, we note that in ruling the tie-in policy unjust and discriminatory, the trial court apparently followed our decision in Edris v. Sebring Utilities Commission, 237 So.2d 585 (Fla. 2d DCA), cert. denied, 240 So.2d 643 (Fla. 1970). In Edris, this court held the Commission's policy requiring customers residing outside the city to purchase electricity as a condition precedent to obtaining city water was unjust, discriminatory, and invalid. Missing from Edris was any economic justification for the tie-in policy. In contrast, the Commission in this case presented ample economic justification for having adopted a policy of tying water and electric services together. Hence, the cases are factually distinguishable and Edris does not control the result in this case.
Courts will not interfere with a municipal utility's exercise of its authority as long as the municipality does not arbitrarily discriminate between its customers and can present reasonable justifications for its actions. Pinellas Apartment Association, Inc. v. City of St. Petersburg, 294 So.2d 676 (Fla. 2d DCA 1974). A municipality's decision is presumed valid, and the burden is on the challenger to prove it is unjust or arbitrary. Clay Utility Co. v. City of Jacksonville, 227 So.2d 516 (Fla. 1st DCA 1969).
In this situation, we cannot say the Commission's refusal to provide water only to Home Savings was discriminatory because such a policy was applied to all potential customers outside the municipal limits. The financial difficulties experienced by the Commission and its need to increase revenues presented a reasonable economic justification for the tie-in policy. Consequently, we hold the trial court erred in awarding damages for the Commission's refusal to provide water service only to Home Savings. It necessarily follows that the Commission's failure to provide fire protection was not unreasonable.
Florida recently enacted section 542.235, Florida Statutes (1985), expressly immunizing municipalities from antitrust damages. However, the Commission concedes this recently enacted immunity is not available to it in this suit. See § 542.235(5), Fla. Stat. (1985). Yet, it argues that the Local Government Antitrust Act, 15 U.S.C. § 35, which became effective September 24, 1984, and grants absolute immunity from damages to all local governments in federal antitrust litigation, should apply. The Commission correctly points out that section 542.20, Florida Statutes (1983), of the Florida Antitrust Act provides any activity or conduct exempt under federal antitrust law is also exempt from the Florida Antitrust Act. See also East Naples Water Systems, Inc. v. Board of County Commissioners, 473 So.2d 309 (Fla. 2d DCA 1985) (County Water and Sewer System Law § 153.01 et seq. exempts boards of county commissioners, water-sewer districts and their members from Florida Antitrust Act). Since we think the Commission is entitled to immunity under the standard in effect prior to the enactment of the federal immunity statute, we do not decide whether the federal immunity statute is available to the Commission.
In Town of Hallie v. City of Eau Claire, 471 U.S. 34, 105 S.Ct. 1713, 85 L.Ed.2d 24 (1985), the United States Supreme Court was presented with the question of whether a municipality's anticompetitive activities are protected by state action exemption to the Federal Antitrust Laws when the activities are authorized but not compelled by the state and the state does not actively supervise the anticompetitive conduct. The court held that a municipality is exempt from antitrust laws if its "anticompetitive activities [are] authorized by the state `pursuant to state policy to displace competition with regulation or monopoly public service.'" 105 S.Ct. at 1716 (quoting City of Lafayette v. Louisiana Power & Light *29 Co., 435 U.S. 389, 413, 98 S.Ct. 1123, 1137, 55 L.Ed.2d 364 (1978) (Brennan, J. plurality). The court observed that state authorization is shown if the municipality demonstrates it is "engaging in the challenged activity pursuant to a clearly expressed state policy." Hallie, 105 S.Ct. at 1717. Further, the court opined that it is not necessary to show that the legislature explicitly intended the municipality's conduct to have anticompetitive effects. Rather, it is only necessary to demonstrate the legislature contemplated anticompetitive conduct would result from the authority granted the municipality. Hallie, 105 S.Ct. at 1718-19.
Thus, we must determine whether Chapter 23535, Laws of Florida (1945), authorizing the creation of the Commission, and the Florida Statutes authorizing municipal water systems satisfies the "clear articulation" test of Hallie. The latter question was answered affirmatively in Falls Chase Special Taxing District v. City of Tallahassee, 788 F.2d 711 (11th Cir.1986). The Falls Chase court quoted extensively from Auton v. Dade City, 783 F.2d 1009 (11th Cir.1986), and held that the Florida Statutes authorizing municipal water systems satisfy the "clear articulation" requirement expressed in Hallie. We think Falls Chase states the correct view on this issue.
Section 7 of Chapter 23535, Laws of Florida (1945), gives the Commission "exclusive general supervision, charge, operation and management of all of the public utilities of the City of Sebring." Section 9 grants it "full power and exclusive authority to fix rates and charges of electricity, gas and water ... as if provided by an ordinance of the City." We hold these provisions evidence a clearly expressed state policy to displace competition with monopoly public service. Delegation of regulatory power is an indication the legislature recognized municipal public works often require anticompetitive practices. See Auton v. Dade City, 783 F.2d at 1010. We recognize that general law specifically excludes utilities owned and operated by municipalities from regulation by the Public Service Commission. See §§ 366.02, 366.11 and 367.022(2), Fla. Stat. (1983). However, as the Supreme Court concluded in Hallie, "the active state supervision requirement should not be imposed in cases in which the actor is a municipality." Hallie, 105 S.Ct. at 1720.
Accordingly, we hold the trial court erred in finding the Commission violated the Florida Antitrust Act. We direct the trial court to vacate the judgment of damages against the Commission and enter judgment in its favor.
RYDER and FRANK, JJ., concur.