876 So.2d 34 (2004)
Daniel E. ZURLA, Appellant,
v.
CITY OF DAYTONA BEACH and City of Port Orange, Appellees.
No. 5D03-3612.
District Court of Appeal of Florida, Fifth District.
May 28, 2004.
Rehearing Denied July 6, 2004.
*35 Daniel E. Zurla, Port Orange, pro se.
Robert G. Brown, City Attorney, and Benjamin S. Gross, Assistant City Attorney, of Office of City Attorney for Daytona Beach for Appellee, City of Daytona Beach.
Terrence R. Perkins and Robert F. Stepniak of Smith, Hood, Perkins, Loucks & Stout, P.A., Daytona Beach, for Appellee, City of Port Orange.
PLEUS, J.
Daniel Zurla is unhappy with the policy of two municipally-owned golf courses which requires golfers to ride golf carts instead of walking at certain times and on certain days. He is appealing the trial court's dismissal of his pro se second amended complaint with prejudice. Not only does he feel constitutionally violated, but in addition he seeks injunctive relief and damages. Zurla alleges that he wishes to walk the courses for beneficial exercise. Because we agree that the learned trial judge's dismissal order accurately analyzed the second amended complaint, we set forth that order in relevant part:
The Second Amended Complaint fails to specifically identify a liberty interest protected by the United States Constitution. See Washington v. Glucksberg, 521 U.S. 702[, 117 S.Ct. 2258, 138 L.Ed.2d 772] (1997); see also Khan v. Gallitano, 180 F.3d 829 (U.S. 7th Cir. 1999); Coyne v. City of Somerville, 972 F.2d 440 (U.S. 1st Cir.1992). The "substantive due process" protected by the Fourteenth Amendment reaches "those fundamental rights which are, objectively, `deeply rooted in this Nation's history and tradition,' . . . and `implicit in the concept of ordered liberty,' such that `neither liberty nor justice would exist if they were sacrificed.'" Glucksberg, 521 U.S. at 720-21[, 117 S.Ct. 2258] (internal citations omitted). Included in this category are such rights as those enumerated in the Bill of Rights, the right to contract, to marry, to bodily integrity, to use contraception, and to raise one's children as one deems fit. See id. at 720[, 117 S.Ct. 2258]. The sincerity of Plaintiff's desire to walk while golfing notwithstanding, the Court simply cannot find a constitutional right to do so. Accordingly, Plaintiff's claims that the Defendants have violated his due process rights under the Fourteenth Amendment of the United States Constitution fail to state a cause of action and must be dismissed.
Likewise, the Court concludes that Plaintiff's claim that the regulations at issue are arbitrary and capricious must fail as well. Defendants' actions carry a presumption of rationality, Hodel v. Indiana, 452 U.S. 314[, 331-32, 101 S.Ct. 2376, 69 L.Ed.2d 40] (1981), and Plaintiff's burden is "to negative every conceivable basis which might support it." FCC v. Beach Communications, Inc. 508 U.S. 207[307], 314-15[, 101 S.Ct. 2376, 69 L.Ed.2d 40] (1993). Stated differently,
The legislation must be sustained if there is any conceivable basis for the legislature to believe that the means they have selected will tend to accomplish the desired end. Even if the court is convinced that the political branch has made an improvident, ill-advised, or unnecessary decision, it must uphold the act if it hears a rational relation to a legitimate governmental purpose.

Cash Inn of Dade, Inc. v. Metropolitan Dade County, 938 F.2d 1239, 1241 (11th Cir.1991) [upholding ordinance limiting hours of operation of pawn shops to 7:00 *36 a.m. to 5:00 p.m.] (citing Minnesota v. Clover Leaf Creamery Co., 449 U.S. 456, 469[, 101 S.Ct. 715, 66 L.Ed.2d 659] (1981)). Further, a determination of whether a rational basis exists "is not subject to courtroom fact-finding and may be based on rational speculation unsupported by evidence or empirical data." Beach Communications, 508 U.S. at 315 n. 1[, 113 S.Ct. 2096]. Accord Hudson v. State, 825 So.2d 460, 468-69 (Fla. 1st DCA), cause dismissed 831 So.2d 673 (Fla.2002).
As the United States Supreme Court has observed, golf cart use is ubiquitous on golf courses today, and the use of carts may speed play and enhance revenue. See PGA Tour, Inc. v. Martin, 532 U.S. 661, 685[, 121 S.Ct. 1879, 149 L.Ed.2d 904] (2001) [Americans with Disabilities Act required that disabled professional golfer be permitted to use golf cart, despite walking requirement that applied to professional association's tournaments]. Either objective  speeding play or increasing revenueis sufficient for the golf cart requirement to survive the claim of arbitrariness and capriciousness in the instant case. This is particularly true given the long-standing law in Florida that "[w]hen a municipality operates in its propriety capacity, it is governed by the same law and may exercise the same rights as a private corporation engaged in a similar undertaking." City of Winter Park v. Montesi, 448 So.2d 1242, 1245 (Fla. 5th DCA), rev. denied 456 So.2d 1182 (Fla. 1984) (emphasis added) (citing Hamler v. City of Jacksonville, 97 Fla. 807, 122 So. 220 (1929); Edris v. Sebring Utilities Comm'n, 237 So.2d 585 (Fla. 2d DCA), cert. denied 240 So.2d 643 (Fla. 1970)).
We conclude with the observation that our founding fathers must be wondering if anyone today even reads the Constitution, much less understands it.
AFFIRMED.
SAWAYA, C.J., and PALMER, J., concur.