963 So.2d 894 (2007)
Vicki LUCAS, Appellant,
v.
ENGLEWOOD COMMUNITY HOSPITAL and RSKCO, Appellees.
No. 1D06-5161.
District Court of Appeal of Florida, First District.
August 23, 2007.
*895 Rosemary B. Eure, Sarasota; and Bill McCabe, Longwood, for Appellant.
Mark D. Tinker and Jack A. Weiss of Fowler White Boggs Banker, P.A., St. Petersburg, for Appellees.
ALLEN, J.
Section 440.20(7), Florida Statutes, provides that when compensation payable under a workers' compensation "award" is not paid within seven days after it becomes due, there shall be added to such unpaid compensation an amount equal to twenty percent thereof. When a claimant who is not represented by counsel enters into a washout settlement agreement, the amount payable under the settlement is an award of compensation for which the unrepresented claimant is entitled to the additional twenty percent specified by section 440.20(7) in the event of late payment. But section 440.20(11)(c), Florida Statutes, provides that the amount payable under a washout settlement entered into by a represented claimant is not an award of compensation. Accordingly, section 440.20(7) does not apply in connection with a washout settlement entered into by a represented claimant. The appellant in this case argues that this disparate treatment between unrepresented and represented claimants violates the equal protection clauses of the state and federal constitutions. We affirm because the appellant has not demonstrated that this statutory distinction lacks a rational relationship to a legitimate state purpose.
Section 440.20(11)(c) provides, in relevant part,
[W]hen a claimant is represented by counsel, the claimant may waive all rights to any and all benefits under this chapter by entering into a settlement agreement releasing the employer and the carrier from liability for workers' compensation benefits in exchange for a lump-sum payment to the claimant. The settlement agreement requires approval by the judge of compensation claims only as to the attorney's fees paid to the claimant's attorney by the claimant. . . . Any order entered by a judge of compensation claims approving the attorney's fees as set out in the settlement under this subsection is not considered to be an award and is not subject to modification or review.
Because section 440.20(11)(c) does not negatively impact a suspect class or result in the deprivation of a fundamental right, the appellant's challenge is subject to a rational basis review. Under this minimal level of scrutiny, the appellant bears the burden of demonstrating that the statutory distinction at issue in this case has no rational relationship to a legitimate state purpose. See Level 3 Communications, LLC v. Jacobs, 841 So.2d 447 (Fla. 2003); Enterprise Leasing Co. South Central, Inc. v. Hughes, 833 So.2d 832 (Fla. 1st DCA 2002). The appellees have no obligation to prove that the legislature's assumptions about the benefits of the statutory *896 distinction at issue would be realized, nor does such evidence have to be present in the record for the legislation to survive the challenge. Tiedemann v. Department of Management Services, 862 So.2d 845 (Fla. 4th DCA 2003). Indeed, even if it appears that the legislature has made an improvident, ill-advised, or unnecessary decision, the law must be upheld if there is any state of facts that may reasonably be conceived to justify it. A determination of whether a rational basis exists is not subject to courtroom fact-finding and may be based on rational speculation unsupported by evidence or empirical data. See Zurla v. City of Daytona Beach, 876 So.2d 34 (Fla. 5th DCA 2004); Federal Communications Commission v. Beach Communications, Inc., 508 U.S. 307, 113 S.Ct. 2096, 124 L.Ed.2d 211 (1993).
We note initially that the appellant is complaining of the disparate treatment of represented claimants at a point in post-settlement proceedings when represented claimants have already received different treatment than that extended to unrepresented claimants. Unlike an unrepresented claimant who is subject to considerable oversight by the judge of compensation claims when she negotiates a washout settlement, see section 440.20(11)(b), Florida Statutes, a represented claimant is free to negotiate her settlement with only minimal oversight by the judge of compensation claims. The appellant does not challenge this initial disparity; indeed, she concedes that there is a rational basis for it, stating that a "represented Claimant has an attorney looking out for his wellbeing, whereas an unrepresented Claimant does not," and that "one would certainly presume that an attorney representing the Claimant would be looking out for that Claimant's best interest, and would not agree to settle the workers' compensation case unless it was in the Claimant's best interest."
For the same reason, however, a rational basis exists to support the legislature's decision to make section 440.20(7) inapplicable when a claimant has entered into a settlement agreement while represented by counsel. A represented claimant is not precluded from negotiating for the payment of settlement proceeds within a particular time period or from negotiating for an increased benefit should the payment be late. The legislature therefore might rationally have assumed that a claimant's attorney would negotiate for the inclusion of such terms in a settlement agreement when doing so would be in the claimant's best interests. As the appellant has acknowledged, by limiting the degree to which a judge of compensation claims must supervise a settlement under section 440.20(11)(c), the legislature has already apparently embraced the presumption that a claimant's attorney will act in the claimant's best interests during these negotiations.
AFFIRMED.
BARFIELD and HAWKES, JJ., concur.